BYRNE *v.* GYPSUM PLASTER & STUCCO CO.

1. APPEAL AND ERROR — CHANCERY APPEALS — NOTICE OF ARGUMENT—TIME.

Notice of argument of a chancery appeal cannot be given until the whole time for returning the appeal under Supreme Court Rule 15 has expired.

2. SAME—RULES—STATUTES—CONSTITUTION.

Whether, under the provision of the Constitution (art. 6, § 5) directing the Supreme Court to simplify the practice by general rules, the court can, by rule, modify a statutory enactment as to practice, coming within the purview of the constitutional provision, quære.

3. SAME—RECORD—TIME FOR RETURNING—RULES.

The time for filing the record referred to in Supreme Court Rule 34, for the purpose of giving notice of argument pro-

vided for therein, is "forty days after the filing of the appeal bond," as provided by Rule 15, notwithstanding the statute (§ 552, 1 Comp. Laws), requiring the register to transmit the record to the Supreme Court within 15 days after the appeal is perfected.

Foreclosure bill, filed in the Kent circuit, by John T. Byrne against the Gypsum Plaster & Stucco Company, Alice F. Uhl, and others: On motion by defendant Uhl to strike the cause from the calendar for the June, 1905, term. Submitted June 6, 1905. (Calendar No. 21,093.) Granted July 21, 1905.

*Burlingame, Belden & Orton*, for the motion.

*T. J. O'Brien, James H. Campbell*, and *Knappen, Kleinhans & Knappen*, contra.

PER CURIAM., This is a motion by defendant Alice F. Uhl for an order striking the above-entitled cause from the calendar of this court for the June, 1905, term. The grounds of the motion are that the cause was noticed for hearing before the time for filing the record had expired, as provided in Sup. Ct. Rule 15, and such notice was therefore improper under Sup. Ct. Rule 34.

The appeal bond was filed on the 31st day of March, 1905; and sufficient time would not remain for noticing the cause for hearing after the expiration of the time for filing the record under Rule 15. This court has held that such notice cannot be given until the full time for returning the appeal has expired. *Stockton* v. *Garland*, 14 Mich. 333; *Torrent* v. *Booming Co.*, 21 Mich. 1.

It is objected, however, to the granting of the motion, that Rule 15 is modified by the provisions of section 552, 1 Comp. Laws, requiring the register to transmit the record to this court within 15 days after the perfecting of the appeal. This provision was introduced into section 5182 of the Compiled Laws of 1871 by Act No. 30 of the Public Acts of 1879.. The revised rules of this court were given effect January 1, 1897. Article 6, § 5, of the

Constitution provides that "the Supreme Court shall by general rules establish, modify and amend the practice in such court and in the circuit courts and simplify the same."

Without determining the power of this court to modify a statutory enactment as to practice coming within the purview of the constitutional provision, we hold that the time for filing the record referred to in Rule 34 for the purpose of giving notice is "forty days after the filing of the appeal bond," as provided in Rule 15.

The motion is granted.