BRADLEY-WATKINS CO. v. KALAMAZOO CIRCUIT JUDGE.

1. VENUE—CHANGE—MOTION—DENIAL—REVIEW.
    This court will not interfere to control the judicial discretion of a trial judge in refusing a change of venue, applied for on the ground of convenience of the parties and their witnesses, where there is evidence to support the decision.

2. SAME—ASSUMPSIT—WAIVER OF TORT—TRESPASS ON LAND.
    Where a landowner, by authority of section 11207, 3 Comp. Laws, waives the tort and brings assumpsit for cutting timber, the cause of action is transitory, like other actions of assumpsit, and not local, within sections 10216 and 10217, fixing the venue in actions for trespass on lands.

Mandamus by the Bradley-Watkins Company and the Cedar River Land Company to compel John W. Adams,

circuit judge of Kalamazoo county, to vacate an order denying a motion for a change of venue. Submitted October 31, 1905. (Calendar No. 21,338.) Writ denied May 24, 1906.

*C. W. Dunton,* for relators.

*William P. Belden,* for respondent.

McALVAY, J. Relators have been sued in the circuit court for Kalamazoo county by a resident plaintiff in an action of assumpsit brought under section 11207 of the Compiled Laws of 1897, which provides:

" In all cases where a party has a right of action for the taking of timber or other trespass on lands, or for any injury to lands, whether direct or consequential, it shall be lawful for the party having such right of action to waive the tort and bring assumpsit therefor."

The declaration alleges that the action arises on account of trespass to lands of plaintiff in Luce county, by defendants, in cutting and removing from said lands certain cedar timber, and selling and disposing of the same, and thereby greatly injuring and damaging said premises, whereby a cause of action accrued to plaintiff who elects and does avail himself of the provisions of section 11207, 3 Comp. Laws, to waive the tort and bring suit in assumpsit, to recover therefor. Otherwise said declaration proceeds as is usual in an action in assumpsit upon the common counts.

Defendants appeared and demanded a bill of particulars, which was furnished, showing that plaintiff claimed:

1. The value of 2,000 cedar trees, and 2,500 cedar posts, wrongfully cut by defendants and removed from plaintiff's land, sold and disposed of by defendants, and the proceeds retained by them, $2,000.
2. To damages to plaintiff through the depreciation of the premises, and the value of the timber left thereon by the wrongful removal of said timber, $1,000.

Defendants then made a motion for a change of venue

from Kalamazoo county to Luce county on the grounds:

1. The convenience of the parties and witnesses.
2. The law contemplates the action should be tried in Luce county.
3. The law directs that under the showing made the cause shall be transferred.

The affidavit supporting the motion contained among other things the allegations required by section 10217, 3 Comp. Laws, as amended by Act No. 247, Pub. Acts 1903, relative to change of venue in trespass cases. Counter affidavits were filed, and the motion was heard and denied, the court, as to the convenience of the parties and witnesses under the showing made, holding upon the issue of fact against defendants, and also holding that the statute invoked did not apply to the case at bar.

Application is made for a writ of mandamus directing the court to transfer said cause for trial to Luce county. The reasons urged before the circuit court and in this court why such change of venue should be ordered are:

1. For the convenience of said parties and their witnesses. Upon this question an issue of fact was made by the affidavits presented. The court in the exercise of his judicial discretion found against defendants. The record shows that the court did not act arbitrarily, but that his decision was supported by evidence. This court has always held that it will not interfere to control the judicial discretion of a trial judge.

2. The other reasons present a question of law and may be considered together. In this case the plaintiff, under section 11207, 3 Comp. Laws, has waived the tort and brought his suit in assumpsit. The act of which this section is a part is entitled " An act to facilitate the collection of damages for trespass on or other injuries to lands," and provides as follows:

" In all cases where a party has a right of action for the taking of timber or other trespass on lands, or for any injury to lands, whether direct or consequential, it shall be lawful for the party having such right of action to waive

the tort and bring assumpsit therefor." Act No. 211, Pub. Acts 1881.

The next section provides that when the tort is waived the plaintiff may commence his suit by attachment as in other cases. Defendants do not dispute but that this statute gave the right to the plaintiff to waive the tort and sue in assumpsit, but claim that the statute does not thereby make this statutory assumpsit a transitory action. That under section 10216, 3 Comp. Laws, actions for trespass on lands, and trespass on the case for injuries to real estate, shall be tried in the county where the subject of the action shall be situated, and that section 10217, which provides that when the defendant was not a resident of the county where the land was situated such actions may be commenced in any county where the defendant may be found, reserved by its proviso the right in the defendant to have the cause transferred to the county where the land was situated.

The material question before us is whether the election of the plaintiff to take his remedy by an action of assumpsit brought the case within the rules of practice which in this State apply to actions of assumpsit. It is not denied but that a recovery may be had in assumpsit if the proofs should warrant it. The construction of the statute (sections 11207, 11208, 3 Comp. Laws), authorizing the waiver of the tort and bringing assumpsit is involved, and the precise question is for the first time before this court. No authorities are cited or found where the exact question has been passed upon. Section 1 of this statute provides that in all cases of the kind the tort may be waived and assumpsit brought, and section 2 provides that where the tort is waived the plaintiff may commence his suit by attachment as in other cases and the fact that the damages are unliquidated shall not prevent the bringing and maintaining such writ. In the case of *Lockwood* v. *Boom Co.*, 42 Mich. 536, where this statute was discussed, Justice CAMPBELL, who wrote the opinion, said:

"This statute is very broad in its language.    *    *    * But it does not purport to make contracts in fact or to allow anything to be sued for except as damages sustained by the trespass.    It simply operated to provide that, when a trespass has been committed whereby damages accrue, the duty to pay those damages may be treated as a debt or implied agreement."

This statute then creates a fiction, implying an indebtedness or promise to pay.

In *Nield* v. *Burton*, 49 Mich. 53, this court held that a party who had waived the tort and brought assumpsit against the trespasser who had cut and carried away timber, amounted to an election to regard defendant as the owner of the property converted, and estopped plaintiff from afterwards bringing trover against defendant's vendee, although the first suit had failed for want of jurisdiction.    In the opinion, referring to the right to an attachment provided for in the statute, Justice CAMPBELL said:

"The statute which allowed the action gave with it the right of suing out an attachment, and thus securing the claim.    *    *    *    The waiver was not made as a mere election of equivalent remedies but as a means of getting an advantage of considerable importance, as the inducement to waive the tort."

It is not contended that a plaintiff cannot commence such an action by attachment *as in other cases*, and it is admitted that under the attachment statute the action might be brought in the county where either plaintiff or defendant resided, or in any county in the State where defendant may have property.    It is urged that to this extent alone is plaintiff given a benefit by bringing assumpsit instead of trespass.    The statute must be construed as a whole and with reference to existing statutes.    We do not think it will bear the construction claimed.    The statute gives the right to waive the tort and sue in assumpsit. It does not create a contract, but implies one.    Our construction of the statute is that the legislative intent in giving the right to bring assumpsit was to make the action in such cases transitory as in other cases of assumpsit.    Both

statutes above cited, sections 10216, 10217, 3 Comp. Laws, were in force at the time this statute was enacted. This act is entitled: "An act to facilitate the collection of damages for trespass on or other injuries to lands." The statute was for the benefit of the injured party whose lands had been trespassed upon and otherwise damaged. To avail himself of the advantages of bringing his action in assumpsit he must waive the tort, thereby foregoing the right to recover treble damages. If the contention of defendants is to be sustained as the legislative intent in enacting this law, then instead of gaining any advantage by bringing his suit in assumpsit a plaintiff is put to disadvantage and positive loss. Instead of facilitating the collection of damages for trespass on, and other injuries to, lands, such construction of the statute would have a directly opposite effect. The question involved is one of practice. It relates to the method of applying a remedy and not to the substantive law. The statute provides a remedy in this case by an action of assumpsit. The rules governing assumpsit, and not those governing actions of trespass, must apply.

The writ is denied, with costs.

GRANT, BLAIR, MONTGOMERY, and OSTRANDER, JJ., concurred.