PHELPS *v.* WAYNE CIRCUIT JUDGE.

NEW TRIAL — EJECTMENT — RIGHT TO NEW TRIAL AS MATTER OF COURSE REPEALED BY JUDICATURE ACT—"ACCRUED."

Although an action in ejectment was commenced before the judicature act took effect, where the judgment for plaintiffs was not rendered until about a year and a half after it took effect, defendant's right to a new trial "accrued" thereunder (3 Comp. Laws 1915, § 12319) and is therefore governed by section 13197, which provides that new trials in ejectment cases may be granted for the same reasons as in personal actions, and that "no new trial shall be granted as a matter of course," rather than by 3 Comp. Laws 1897, § 10981, giving the losing party a new trial as a matter of right, which was expressly repealed.

Mandamus by Ralph Phelps and another to compel Frederick W. Mayne, acting circuit judge of Wayne county, to vacate an order granting a new trial in an action of ejectment. Submitted November 27, 1923. (Calendar No. 31,165.)    Writ granted December 19, 1923.

*Orla B. Taylor,* for plaintiffs.

*Millis, Streeter & Berns,* for defendant.

STEERE, J.    General Title XVIII, 3 Comp. Laws 1897, entitled, "Of Proceedings in Civil Actions," deals in Part Three with "Actions Relating to Real Property."    Part Three contains chapter 303 devoted to "The Action of Ejectment," section 36 of which (compiler's section 10981) provides:

"The court in which such judgment shall be rendered, at any time within three years thereafter,

upon the application of the party against whom the
same was rendered, his heirs, executors, administra-
tors or assigns, and upon payment of all costs and
damages recovered thereby, shall vacate such judg-
ment, and grant a new trial in such cause; and the
court upon subsequent application made within two
years after the rendering of the second judgment in
said cause, if satisfied that justice will be thereby
promoted, and the rights of the parties more satis-
factorily ascertained and established, may vacate the
judgment and grant another new trial; but no more
than two new trials shall be granted under this
section."

The 1915 legislature of this State enacted our so-
called "judicature act" (Act No. 314), its purpose and
scope as stated in its ample title being amongst other
things:

"To revise and consolidate the statutes relating to
the organization and jurisdiction of the courts of this
State;  *   *   *   the forms of civil actions;  *   *   *
pleading,  *   *   *   practice and procedure in civil
actions and proceedings in said courts;  *   *.  *   and
to repeal all acts and parts of acts inconsistent with,
or contravening any of the provisions of this act."

It was approved May 18, 1915, and its concluding
section provided:   "This act shall take effect and be
in force on and after January one, nineteen hundred
sixteen."   It now forms a part of the Compiled Laws
of 1915, vol. 3, pp. 4277 to 5047 inclusive.   It ex-
pressly repeals chapter 303, 3 Comp. Laws 1897,
relating to ejectment, which includes the section above
quoted, devotes chapter 29 to the subject of ejectment
(3 Comp. Laws 1915, § 13168 *et seq.*) and expressly
provides in that chapter, § 13197, as follows:

"SEC. 30. Except as hereinafter provided, new trials
may be granted in ejectment cases for the same
reasons and in the same manner as in personal actions;
but no new trial shall be granted as a matter of
course."

Section 9 of chapter 9 of the judicature act relating to "Limitation of Actions," provides:

"(12319) Sec. 9. All actions and rights shall be governed and determined according to the law under which the right accrued in respect to the limitations of such actions or right of entry."

Prior to January 1, 1916, plaintiffs commenced an action of ejectment against Henry N. and Neele Davis Brevoort in the Wayne county circuit court. The case involved a controversy over a boundary line. It was tried in June, 1917, resulting in a judgment for plaintiffs on June 25, 1917, about a year and a half after the judicature act had gone into effect. Defendants brought the case to this court for review on writ of error, and the judgment was affirmed on October 6, 1919. Rehearing was then applied for but denied on December 23, 1919 (*Phelps* v. *Brevoort*, 207 Mich. 429), and the case was regularly remitted to the court from which it had been appealed. On October 18, 1921, Neele N. Brevoort made a motion in the circuit court to set aside the judgment and grant a new trial, Henry N. Brevoort having died in the meantime. On October 22, 1923, defendant herein heard and granted said motion. On October 23, 1923, this application for an order in mandamus was filed to review the ruling of the trial court, plaintiffs contending no right of re-trial had accrued when the law so providing in ejectment cases was repealed.

Defendant's counsel frankly state that their application for a new trial was based upon the statute in force when the action was begun, section 10981, 3 Comp. Laws 1897, which gave the losing party in ejectment a new trial as a matter of right governed by and to be determined according to that law, under the saving provision of the section last quoted (12319). In support of their contention counsel rely, as apparently did the trial judge in granting their motion, upon *McBride* v. *Chippewa Circuit Judge*, 202 Mich. 61.

The *McBride Case* was not only begun, but tried and a judgment rendered against defendant before the act entitling him to a new trial in such event was repealed.    At that time it was a matured, present, existing, enforceable right.    The losing litigant, as the court there said, was at that time "entitled as of course to a new trial upon payment of costs."    The right having then accrued, before repeal of the law, the court held it was saved by the provision quoted. In the instant case, when the law was repealed the claimed right had not arisen.    It did not and might never exist as to either party.    It was contingent, would arise to neither unless the case was pursued to judgment; and if judgment followed, to which one the right might accrue hinged upon the uncertainties of a lawsuit.

The right contended for here is accessory, or subordinate, not only to an action but a *judgment* in ejectment.    When the right accrues it grows out of a judgment.    As applied to its advent "accrued" seems well chosen.

"*Accrue.* To grow to; to be added to; to attach itself to; as a subordinate or accessory claim or demand arises out of, and is joined to, its principal; thus, costs accrue to a judgment, and interest to the principal debt.    *    *    *

"*Accruing.* Inchoate; in process of maturing.    That which will or may, at a future time, ripen into a vested right, an available demand, or an existing cause of action."    Black's Law Dictionary.

"*Accrue.* In *law*, to become a present and enforceable right or demand."    Century Dictionary.

Manifestly the inchoate right given the losing litigant to a new trial in an ejectment suit by the former statute was not, in the absence of any trial or judgment, a present enforceable right or demand which had "accrued" when the statute was repealed.    The contingent right given by the statute is not substantive

law but a rule of procedure relating only to the remedy. Its purpose and character class it as adjective law, which deals with methods for maintenance and enforcement of primary rights or to redress their invasion. Authorized by statute under specified contingencies which had not eventuated when the statute was repealed, this right of procedure ended with the repeal. Directed to relief from an existing judgment and a re-trial of the case, the right is analogous in that particular to the right of appeal, also purely statutory, which this court has held ceased to exist if not exercised before the statute creating the right was repealed. *J. F. Hartz Co.* v. *Lukaszcewski,* 200 Mich. 230; *Miller* v. *Johnson,* 201 Mich. 535.

We are not cited in the briefs of counsel to any cases directly in point, but *Johnson* v. *Craig,* 37 Okla. 378 (130 Pac. 581), seems to us to be so. Section 4792 of a statute of that State gave the party against whom judgment was rendered in an action to recover real estate a new trial as a matter of right. This statute was repealed by an act of the legislature approved February 9, 1909, which took effect May 10, 1909. The action was commenced February 15, 1909, but not tried until the April, 1910, term of court, or nearly a year after the repealing act became effective. The losing litigant claimed a re-trial as a matter of right. In denying it the court said:

"The right to a second trial while section 4792 was in force was not an inherent substantive right which was mandatory on the court to grant in all cases whether demanded or not, but was merely a right of procedure, available only upon the express demand of the party against whom the judgment had been rendered—a right which never matured until after one trial had been had, and then only when demanded by the losing party. Therefore the right to a second trial would not have matured to defendant had the statute been in force until after the first trial had been had and at that time—and at the time the de-

mand was made such right had been taken away by the aforesaid act of the legislature."

The ground on which defendants asked and obtained an order for a new trial in the instant case is not tenable, and the order granting it must be vacated.

The relief asked for by plaintiff is granted, and process may issue accordingly if required.

WIEST, C. J., and FELLOWS, McDONALD, CLARK, BIRD, SHARPE, and MOORE, JJ., concurred.