RODGERS v. SIMONS SALES CO.

EVIDENCE—FRAUD—ORAL TESTIMONY—ADMISSIBILITY.

> In an action by a minor to recover money paid by him on the purchase of a used automobile, oral testimony as to fraudulent statements made to him by defendant's salesman, upon which he relied, *held*, properly admitted over defendant's objection that it was inadmissible because the contract of purchase was in writing and was therefore controlling.

Error to Wayne; Sample (George W.), J., presiding. Submitted April 30, 1924. (Docket No. 4.) Decided July 24 1924.

Assumpsit in justice's court by Leo Rodgers, an infant, by his next friend, against the Simons Sales Company for breach of a contract for the sale of an automobile. There was judgment for plaintiff, and defendant appealed to the circuit court. Judgment for plaintiff. Defendant brings error. Affirmed.

*Monaghan, Crowley, Reilley & Kellogg,* for appellant.

*Maurice Miller,* for appellee.

MOORE, J. From a verdict and judgment in this case in favor of the plaintiff in the sum of $454.53, this case is brought into this court by writ of error. It is the claim of the plaintiff that he traded a Ford automobile valued at $250 as a first payment on a used Reo car, and that he made two other payments of $75 each, and that the purchase was made when he was a minor. There was a written contract between the parties. The plaintiff claimed that false state-

ments were made to him about the car upon which he relied. His version of what occurred is as follows:

"When I went to the Simons Sales Company I had a Ford touring car and wanted to turn that in as first payment, and this salesman, Seed, showed me a Reo touring, and I really thought it was the car I wanted; so he showed me around the car and told me it was a 1919 Reo touring, and said it was in good condition throughout; had been overhauled and he says I could not find a better buy. The price was $850 plus carriage charges.

"Q. Plus what?

"A. Plus carrier's charges; then he told me—I said, 'Are you positive this is a 1919 and that it is in good shape?' He says, 'Yes' he says 'this car was turned in by Mr. Brushaber of the Brushaber Furniture Company,' and he said, 'If you doubt my word of course you can go down and inquire of him. But,' he said, 'I myself am a Reo Company man and have sold cars for the Reo;' so I naturally took his word for it, that the car was a 1919 as he had said, and told him that I would take the car with the understanding that he was to take the Ford in exchange and allow me $250 as the down payment on it. So he arranged that and the following day I got the car.

"Q. You did not go to Mr. Brushaber or anybody?

"A. No, I did not. I felt as though I could trust him, the way he told me convinced me that it was a 1919."

The salesman testified in part:

"I was never asked by Mr. Rodgers to insert the year of the car in the contract. The only representation I made to Mr. Rodgers was to the effect that he would have to see Mr. Becker and get information from him. There was no representation as to the mechanical condition, year, date of delivery or anything like that."

In the written contract there was a statement that plaintiff was 22 years old.

Plaintiff's version of how this was brought about is as follows:

"I told Mr. Seed at the time. I said, 'About this age question I am going on 18,' I said. 'Well' he says, 'There will be a lot of red tape to go through if you put down 18. Better make it 21 or 22,' he says, 'And there will be no trouble in getting it through then.' No one else was present. This conversation was the day before I signed the contract. I signed the contract and made a statement that I was 22 years old. He told me to put down my age as 22, and I signed it. The only reason I did that was because it would go through quicker. He said to make it 22 and we will have no trouble. Mr. Turner never asked me about my age. Mr. Seed is the only person I had conversation with, and I told him I was going on 18."

Objection was made to oral testimony as to the contract because the written contract was controlling. There was testimony to the effect that a 1917 four-cylinder touring car, new, sold for $875, and that a 1919 four-cylinder car sold for $1,333. There was also testimony that the car was not in good shape. At the close of the testimony the following occurred:

"*Mr. Gilmore:* Now I wish to move this court for a directed verdict in favor of the defendant of no cause of action, on the ground that the allegation of fraud has not been proven, which the plaintiff contends consisted in selling a 1917 car and that it was represented that it was a 1919 car; and that the contract itself, which is in evidence, embodies all the terms of the agreement between the parties and nothing is said in that contract concerning the model or the year number of the car, and that there was a special provision in the contract that it contains all the agreements entered into between the parties. I want to cite to your honor the case of 199 Mich. page 8.

"Defendant's counsel contended on said legal argument that no evidence was admissible in the nature of a warranty; that the contract was in writing and no evidence admissible to contradict the plain terms of the written contract; that plaintiff had retained the car a long time after he knew it was not a Model R, and mortgaged it and attempted to dispose of it,

citing various cases, and for the reasons stated moved for a directed verdict."

This motion was overruled and the case was submitted to the jury with the result stated.

It is urged here as it was in the court below that oral testimony was inadmissible, and that no fraud had been shown. We have quoted sufficient of the testimony to show it was in sharp conflict. Counsel preferred no written requests. The judge charged the jury in such manner that counsel for both parties in reply to an inquiry from him expressed the opinion that the charge covered the case. We think the oral testimony was admissible and that the question of fraud was a question of fact. See *J. B. Millett Co.* v. *Andrews,* 175 Mich. 350; *J. B. Colt Co.* v. *Reade,* 221 Mich. 92; *Bucannan* v. *Raymond,* 224 Mich. 462.

We find no reversible error.

Judgment is affirmed, with costs to the appellee.

CLARK, C. J., and McDONALD, BIRD, SHARPE, STEERE, FELLOWS, and WIEST, JJ., concurred.