CHANDLER MOTOR SALES CO. *v.* DERTIEN.

1. EVIDENCE—PAROL TESTIMONY ADMISSIBLE TO SHOW CONTRACT PROCURED BY FRAUD.

   While parol testimony may not be received to vary the terms of a written agreement, said rule is not applicable where the issue is whether the contract was procured by fraud.[1]

2. JUSTICES OF THE PEACE—DEFENDANT WAIVING FRAUD AND COUNTING ON IMPLIED ASSUMPSIT ENTITLED TO BENEFIT OF JURISDICTION OF COURT IN ASSUMPSIT CASES.

   Where the statute (3 Comp. Laws 1915, § 14731) governing the jurisdiction of the justice's court of Grand Rapids confers jurisdiction on said court in assumpsit cases up

---

[1] Evidence, 22 C. J. § 1621.

to $500 and in tort cases up to $300, and defendant, sued therein for labor and material furnished in the repair of a used car sold to him by plaintiff, set up in detail the facts upon which he relied to establish fraud in said sale, waived the tort, and counted on an implied assumpsit, he was entitled to the benefit of the jurisdiction of said court in assumpsit cases and was not limited to the amount recoverable in said court in tort cases, and the fact that it was improperly called "recoupment" is unimportant.[2]

Error to Kent; Perkins (Willis B.), J.    Submitted October 8, 1924.    (Docket No. 38.)    Decided January 28, 1925.    Rehearing denied April 3, 1925.

Assumpsit in justice's court by the Chandler Motor Sales Company against John R. Dertien for material and labor.    Defendant filed a special plea in defense alleging fraud.    There was judgment for defendant, and plaintiff appealed to the circuit court.    Judgment for defendant.    Plaintiff brings error.    Affirmed.

*Shelby B. Schurtz (John M. Dunham,* of counsel), for appellant.

*Leroy J. Herman (Edgar A. Maher,* of counsel), for appellee.

FELLOWS, J.    This suit was brought in justice's court in the city of Grand Rapids to recover for material and labor furnished and performed by plaintiff for defendant in repairing a used car it had sold him.    In defendant's notice he set up facts which, if true, constituted fraud in procuring the sale, waived the fraud and under the statute claimed there was an implied promise to pay the damages sustained.    Defendant prevailed in the justice's and circuit courts, the judgment in his favor in the circuit court being for $452.70.    The construction of the statute under which the justice's court of Grand Rapids is operating being involved, we allowed this writ of error.

[2]Justices of the Peace, 35 C. J. § 61.

There was conflicting testimony taking the case to the jury and the verdict is not against the overwhelming weight of the evidence.    Defendant's notice set up in detail the facts upon which he relied to establish fraud, waived the tort, and counted on an implied assumpsit; it fully advised plaintiff of defendant's claim and the fact that it was improperly called "recoupment" is unimportant.    *Wright* v. *Dwight*, 209 Mich. 678.

In the order given by defendant for the machine it is stated:

"The above is a full agreement of every kind and nature pertaining to this sale."

Plaintiff's counsel objected to the introduction of evidence of fraudulent representations, basing such objection on the ground that they tended to change the terms of a written agreement by parol.    While the rule is well recognized that parol testimony may not be received to vary the terms of a written agreement, such rule is not applicable where the issue is whether the contract was procured by fraud.    *Peck* v. *Jenison*, 99 Mich. 326; *J. B. Millet Co.* v. *Andrews*, 175 Mich. 350; *Rodgers* v. *Simons Sales Co.*, 227 Mich. 695.

The statute governing the jurisdiction of the justice's court of the city of Grand Rapids (3 Comp. Laws 1915, § 14731) so far as here involved reads as follows:

* * * "and in all actions of assumpsit the said justices of the peace provided for in this act shall have concurrent jurisdiction with the circuit courts to the amount of five hundred dollars, and in actions of tort to the amount of three hundred dollars."

Plaintiff's counsel contends that inasmuch as defendant's claim was based on fraud, a tort, the jurisdiction of the justice was limited to $300 and the case in the circuit court being there by appeal, it was likewise inhibited from rendering any judgment in excess of

that amount.   It is this contention which prompted us to allow the writ.   Section 12350, 3 Comp. Laws 1915, so far as important here, provides:

"That in cases where an action on the case for fraud and deceit may by law be brought, * * * the plaintiff may bring and maintain either an action of assumpsit, or an action of trespass on the case, * * * In all such cases where assumpsit is brought, a promise shall be implied by law to pay all just damages sustained by plaintiff and may be so declared upon."

It is not contended that this statute is not equally available to a defendant.   We have already pointed out that defendant's notice fully details the fact constituting the fraud, waived the fraud and counted on the promise implied by law under the statute; in other words, the tort was waived and the notice counted in assumpsit.   It must be obvious that if a party waives the tort, he waives the remedies incidental to a tort action.   Illustrative of this it may be said that, having waived the tort, he manifestly would not be entitled to the "body execution" provided for in subdivision 2 of section 14293, 3 Comp. Laws 1915, and we think it equally obvious that he would be entitled to the benefits incidental to an action in assumpsit.   The legislation contemplates benefits as well as disadvantages.   By analogy we think the case of *Bradley-Watkins Co.* v. *Kalamazoo Circuit Judge*, 144 Mich. 142, is applicable.   In that case the relators had been sued in the circuit court of Kalamazoo county by a resident plaintiff for trespass to lands in Luce county, the plaintiff having under the provisions of section 11207, 3 Comp. Laws 1897 (3 Comp. Laws 1915, § 13071), waived the tort and brought suit in assumpsit by attachment.   Relators moved for a change of venue to Luce county claiming among other things that the action was local, not transitory, and should be tried

in the county where the trespass was committed. The issue before the court was thus stated:

"The material question before us is whether the election of the plaintiff to take his remedy by an action of assumpsit brought the case within the rules of practice which in this State apply to actions of assumpsit."

The court considered the question and held that it was the intent of the legislature to give the action the characteristics and benefits of an action in assumpsit, that it made the action transitory as other assumpsit actions were and in conclusion said:

"The question involved is one of practice. It relates to the method of applying a remedy and not to the substantive law. The statute provides a remedy in this case by an action of assumpsit. The rules governing assumpsit, and not those governing actions of trespass, must apply."

We are persuaded that the statute here under consideration should be given like effect. By waiving the tort and counting in assumpsit one loses the benefits of a tort action and we think acquires the benefits of an assumpsit action including the right to be heard in justice's court as in any action of assumpsit.

We have examined the other assignments of error but they do not require discussion.

The judgment will be affirmed.

McDONALD, C. J., and CLARK, BIRD, SHARPE, MOORE, STEERE, and WIEST, JJ., concurred.