PHILPOTT *v.* SOLDAN.

BILLS AND NOTES—BLUE SKY LAW—SURRENDER OF SECURITIES—
TENDER OF CONSIDERATION.

Purchaser of securities, sold in violation of the blue sky law,
who failed to surrender such securities upon offered return of
notes given in payment therefor *held*, liable on such notes in
action by administratrix of payee's estate brought three or
four years thereafter, such protection as was afforded by the
statute not being then available (2 Comp. Laws 1929, §§ 9772,
9788).

Appeal from Lapeer; Cramton (Louis C.), J.
Submitted October 7, 1936. (Docket No. 22, Calendar No. 39,101.) Decided December 8, 1936.

Assumpsit by Ernestine Philpott, administratrix
of the estate of J. G. Philpott, deceased, against
R. O. Soldan on promissory notes. Judgment for
plaintiff. Defendant appeals. Affirmed.

*Octavio P. Guerra,* for plaintiff.

*George W. DesJardins* and *John G. Libbers,* for
defendant.

SHARPE, J. On July 1, 1926, defendant executed
an order to Philpott for 500 city of Hamburg bonds
of 1919 bearing interest at four and a quarter per
cent. for a consideration of $500. On July 19, 1928,
defendant executed another order to Philpott for
50,000 Russian bonds of 1917 at five per cent. interest
for the consideration of $350. The bonds were subsequently delivered and on July 18, 1929, defendant

gave plaintiff a promissory note in the sum of $687.50 payable January 18, 1930, in payment of the Hamburg and other bonds; and on July 19, 1929, gave another note in the sum of $350 payable January 18, 1930, in payment of the Russian bonds. Upon maturity of the notes defendant failed to pay the same, stating that because of financial reasons he was unable to do so.

Plaintiff is the administratrix of the estate of Philpott and in May, 1935, began suit for the collection of said notes. Defendant filed an answer admitting the execution of the promissory notes, but denying that there was any consideration for the notes upon the theory that:

1. Deceased falsely and fraudulently represented that the bonds were current unmatured interest-bearing bonds, upon which the interest was regularly being paid, when, in fact, the bonds were past maturity, defaulted as to both principal and interest and worthless;

2. The bonds were sold contrary to Act No. 220, Pub. Acts 1923, being 2 Comp. Laws 1929, § 9769 *et seq.*, and were therefore illegal;

3. Fraud, deception and imposition in the issuance, sale and disposition of said bonds was practiced within the State of Michigan.

The cause was tried before the lower court without a jury and the trial court held that there was no fraud in the sale of the Russian bonds; that the Hamburg bonds were delivered to defendant and later returned by him to deceased to be sent away for revaluation, that in due time new bonds to take their place were returned but these bonds were in such denominations as to make it impossible to deliver to defendant the exact bonds he had coming to him, and that the defendant had title to his propor-

tionate share of those bonds; and gave plaintiff a judgment upon both promissory notes. Defendant appeals.

In regard to the sale of the Russian bonds we are in accord with the findings of the trial judge. The defendant was a business man and had been a banker. He signed an order for "Russian 1917 bonds" in 1928 and it must be assumed that he knew what he was signing, moreover, his letter of January 27, 1930, to J. G. Philpott makes no complaint about the sale of these bonds.

In *Rodgers* v. *Simons Sale Co.*, 227 Mich. 695, we said, "the question of fraud was a question of fact." Nor is the sale voided by reason of the blue sky law (2 Comp. Laws 1929, § 9788). This act provides:

"Every sale or contract for sale of any security, not accepted for filing under this act * * * shall be voidable at the election of the purchaser, and the person making such sale or contract for sale, and every agent of or for such seller who shall have participated or aided in any way in making such sale, shall be jointly and severally liable to such purchaser, upon tender to the seller or in court of the securities sold or of the contract made, for the full amount paid by such purchaser, together with all taxable court costs, in any action brought under this section: *Provided*, That no action shall be brought for the recovery of the purchase price after two years from the date of such sale or contract for sale. No purchaser otherwise entitled shall claim or have the benefit of this section, who, having knowledge of the fact that such sale was made in violation of the provisions of this act, shall have refused or fail within a reasonable time to accept the voluntary offer of the person making the sale to take back the securities in question and to refund the full amount paid by such purchaser."

Section 9772, 2 Comp. Laws 1929, provides:

"Except as hereinafter provided, the provisions of this act shall not apply to any security which at the time of the sale thereof is within any of the following classes of securities: * * *

"(b) Any security issued or guaranteed by any foreign government with which the United States is maintaining diplomatic relations, or political subdivision thereof having the power of taxation or assessment."

At the time of the sale of the Russian bonds and when the note in question was executed the United States government was not maintaining diplomatic relations with the Russian government that issued the bonds and the sale of said bonds did not come within the exception of Act No. 220, § 4, Pub. Acts 1923, being 2 Comp. Laws 1929, § 9772, but section 20 (2 Comp. Laws 1929, § 9788) of the act also provides that the purchaser may not take advantage of the provisions of this act to void the sale if he refuses to surrender the securities at the request of the seller upon his offer of reimbursement. In this cause the evidence sustains the trial court in his finding that defendant had knowledge of the illegality of the sale for three or four years without taking any action to rescind. Defendant is now estopped by reason of his delay from seeking the benefits of the act.

The next question involves the sale of the Hamburg bonds. It appears that there is no claim of fraud in the sale of these bonds; they were purchased by defendant and later delivered to J. G. Philpott to have them revaluated; the bonds were sent back to Germany for that purpose and during this period the title and ownership of the bonds were

in defendant. We find nothing in the record to indicate that such ownership has been changed.

The judgment of the lower court is affirmed. Plaintiff may recover costs.

TOY, J., concurred with SHARPE, J.

WIEST, J., I concur in the result on the ground that defendant rejected offered return of his notes upon surrender of the bonds.

NORTH, C. J., and FEAD, BUTZEL and BUSHNELL, JJ., concurred with WIEST, J. POTTER, J., did not sit.