BERMAN v. PSIHARIS.

1. PLEADING—AMENDMENT—STATUTES—COURT RULES—LEAVE OF COURT.

While the statute requires leave of court to amend a pleading, the pertinent court rule permitting amendment of an answer without leave of court within 15 days after the answer is put in must be given its full force and effect (Const 1908, art 7, § 5; CL 1948, § 616.7; Court Rule No 26, §§ 1, 2 [1945]).

2. EQUITY—PREMATURE ENTRY OF DECREE ON PLEADINGS.

Entry of decree of specific performance on the pleadings was premature where entered less than 15 days from time defendants had filed their answer (Const 1908, art 7, § 5; Court Rule No 26, §§ 1, 2 [1945]).

3. SPECIFIC PERFORMANCE—OPTION TO PURCHASE TAVERN LICENSE—APPROVAL OF PUBLIC AUTHORITIES—CONDITION PRECEDENT.

Where option to purchase defendants' tavern license and bar was expressly conditioned upon approval by the public authorities, decree of specific performance of option, entered before the approval was obtained, was premature.

4. SAME—ENTRY OF DECREE ON PLEADINGS—DISPUTED FACTS—HEARING.

Entry of decree of specific performance on the pleadings was improper where there were disputed facts that could be determined only after a hearing on the merits.

5. APPEAL AND ERROR—PREMATURE ENTRY OF DECREE ON PLEADINGS.

Where decree was entered 6 days after defendants' answer was filed and court rule provides that defendants may amend answer without leave of court within 15 days after answer

REFERENCES FOR POINTS IN HEADNOTES
[1, 2, 5] 41 Am Jur, Pleading, §§ 289, 296.
[3] 49 Am Jur, Specific Performance, § 40.
[4] 41 Am Jur, Pleading, §§ 336, 337.

is put in, defendants are allowed 9 days from time decree of
Supreme Court is filed in trial court to amend their answer
and cross bill (Const 1908, art 7, § 5; Court Rule No 26,
§§ 1, 2 [1945]).

Appeal from Muskegon; Sanford (Joseph F.), J.
Submitted June 17, 1949. (Docket No. 49, Calendar
No. 44,431.) Decided September 8, 1949.

Bill by Harry S. Berman, assignee of James J.
Matz, against John Psiharis and Harry Balis, doing
business as Puritan Restaurant, for specific per-
formance of agreement to sell liquor license. Decree
for plaintiff on pleadings. Defendants appeal. Re-
versed and remanded for further proceedings.

*Seymour I. Rosenberg* and *Alexis J. Rogoski,* for
plaintiff.

*Gordon F. VanEenenaam,* for defendants.

REID, J. Plaintiff filed the bill of complaint as
assignee of James J. Matz, for specific performance
of a written contract to sell defendants' tavern li-
cense and, also, bar to Matz. The trial court on
plaintiff's motion entered a decree on the pleadings,
decreeing specific performance. Defendants appeal.

The defendants claim the following to be facts in
the case:

On October 7, 1948, James J. Matz entered into an
option to purchase defendants' license and bar,
which option is as follows:

"OPTION

"For $100 to us in hand paid by JAMES J. MATZ
of 854 Laketon avenue, Muskegon, Michigan, op-
tionee, we, JOHN PSIHARIS and HARRY BALIS, doing
business as the Puritan Restaurant, optionors, give
optionee the exclusive right and option to buy the
following:

"Liquor control commission 1948 tavern license No. 2588, issued to the Puritan Restaurant, for the sum of $5,000 less the $100 consideration paid for this option, for 30 days.

"For the same consideration we agree that if optionee buys our license he may also buy our bar for an additional sum of $1,500. It is understood that this sale can only be made with the approval of the city commission of Muskegon and the Michigan liquor control commission, and if the option is exercised we agree to do everything necessary and proper on our part to assist in obtaining the approval of the city commission and the liquor control commission. We agree to protect the license and keep it in good standing for the period of the option and, if option is exercised, for the additional period of time in which arrangements for transfer are being made.

"In order to exercise this option optionee, or his assignee, shall within the 30-day period deposit the purchase price of $4,900 or $6,400 (depending on whether the bar is purchased), in National Lumberman's Bank to be paid to us upon approval of transfer of license by the liquor control commission and to be returned to the buyer if approval is refused by the liquor control commission and we shall be promptly notified that the money has been deposited in the bank in accordance with this agreement.

"It is understood that this is a net price and no commissions are to be paid by us.

"Dated: October 7th, 1948.

"John Psiharis
Harry Balis
        doing business as the Puritan Restaurant,
                252 West Western Avenue,
                Muskegon, Michigan.

"In the presence of:
  Dorothy Kunish
  Virginia Chevos"

James J. Matz paid defendants $100 as part of the purchase price if the option should be exercised. On October 29, 1948, the option was extended through and including December 7, 1948, and Matz paid an additional $100. On December 6, 1948, Matz assigned the option to Berman, plaintiff. On December 7, 1948, Berman deposited the balance of the purchase price, $6,300, in the bank to be paid to defendants on approval of the transfer of license by the State liquor control commission and by the city commission of Muskegon.

On December 28, 1948, defendants signed and delivered an application to the Michigan liquor control commission to approve the transfer to Berman, but defendants claim that they made such application because of misinformation received by them from plaintiff that the Michigan liquor control commission had expressed their willingness to approve the transfer.

Defendants claim that the deposit of $6,300 balance by plaintiff was not bona fide, that plaintiff intended that the required approval by the Michigan liquor control commission and authorities of the city of Muskegon would not be forthcoming unless and until plaintiff found it to his advantage that the deal should go through; that plaintiff had it within his power because of his retention of his other liquor licenses, to defeat the approval of the transfer; and that plaintiff "intended to use certain priority rights that attached to defendants' license to enable him to secure the 'C' license. * * * [Plaintiff] would not have exercised the option if he had thought he would have been compelled to take just the 'A' license, but he was secure in the knowledge that if he saw that a 'C' license would not be approved, he would * * * [by] retaining his interest in the other liquor establishments, bring about a disapproval of the transfer, and receive a refund of the

deposit;" and that for such purpose plaintiff caused an undue and unreasonable delay of the required approval and that an unreasonable delay of such approval was due to plaintiff's actions looking to a change of the license from class "C" to class "A."

Defendants further claim that the Michigan liquor control commission refused before January 18, 1949 to approve the transfer, unless plaintiff surrendered his other liquor licenses; that thereupon upon learning of the refusal of such approval, defendants on January 18, 1949 rescinded the sale agreement, at a time when plaintiff was not in reality bound to part with the consideration and the agreement was a mere option; that there was want of mutuality in the option and that the option under all the circumstances is not to be considered as in fact exercised or at least was not exercised within a reasonable time.

Plaintiff claims the exercise of the option by him on December 7, 1948, was bona fide and without any intent on his part then or at any time to cause or through any fault of his to delay approval of the transfer of the license on the part of the public authorities, and claims that since the decree was entered, the required approval has been granted and that nothing remains to be done to bring about the transfer except compliance with the decree on the part of defendants, and that all questions herein are moot. The fact of such approval seems not questioned. We would suppose that the decree was an important factor in bring about such approval. The defendants evidently desire to have and exercise a license, which the liquor control commission could still grant defendants if they saw fit, notwithstanding their former action. Defendants consider the decree a hindrance to such grant by the commission and seek to have the decree reversed.

Defendants claim that their answer and cross bill was filed February 14, 1949, that they filed their

amended cross bill on February 21, 1949, and still had, under Court Rule No 26, § 1 (1945), 15 days from February 14, 1949, to file further amendments if they so desired, and that the decree of the lower court of specific performance on the pleadings was prematurely entered on February 21, 1949.

CL 1948, § 616.7 (Stat Ann § 27.844) would require leave of the court to amend a pleading.

Our Court Rule No 26 (1945), §§ 1, 2, is as follows:

"Sec. 1. A plaintiff may at any time before answer is put in, or within 15 days thereafter, amend his declaration or bill of complaint, and a defendant within 15 days after his answer is put in may amend same, without leave of court and without costs.

"Sec. 2. Under this rule new counts or new defenses, set-offs, recoupments, or cross bills may be added to a declaration or answer."

Notwithstanding the statute, the court rule must be given its full force and effect. See Michigan Constitution 1908, art 7, § 5.

Defendants had a right to amend their answer and cross bill within 15 days after February 14, 1949, and the decree was prematurely entered on the pleadings on February 21, 1949, for which reason the decree is reversed.

The option was expressly conditioned upon approval by the public authorities and was not enforceable before such approval, in any case. The public authorities had not as yet approved the transfer when the decree was signed and the decree was premature for that reason also.

There were disputed facts that could be determined only after a hearing on the merits.

The decree appealed from is reversed and cause remanded to the trial court for further proceedings. Defendants may amend their answer and cross bill at any time on or before 9 days after a copy of our

decree herein is filed in the trial court. Costs to defendants.

SHARPE, C. J., and BOYLES, DETHMERS, BUTZEL, and CARR, JJ., concurred with REID, J.

BUSHNELL and NORTH, JJ., concurred in the result.