CAVANAGH, J.
(dissenting). The majority holds that jury instructions on lesser included offenses “concern a matter of substantive law,” and, therefore, the Legislature’s decision to bar instruction on the lesser included offense of moving violation causing death, MCL 257.601d(l), within MCL 257.626(5), is a permissible exercise of legislative power and does not offend the separation-of-powers doctrine. I continue to disagree with the majority’s test regarding the difference between substantive and procedural law, and I disagree that lesser-included-offense instructions are a matter of substantive law. See McDougall v Schanz, 461 Mich 15, 60-61; 597 NW2d 148 (1999) (CAVANAGH, J., dissenting). Further, I believe that MCL 257.626(5) deprives a defendant of the ability to present his theory of the case and disadvantages a defendant who chooses to exercise his right to a jury trial in violation of the Sixth Amendment. Therefore, I must respectfully dissent.
I. SEPARATION OF POWERS
The majority’s separation-of-powers test was established in McDougall, where it held that a law only impinges on the Court’s power to govern “practice and procedure” under Const 1963, art 6, § 5, when “no clear legislative policy consideration other than judicial dispatch of litigation can be identified.” McDougall, 461 Mich at 30, quoting Kirby v Larson, 400 Mich 585, 598; 256 NW2d 400 (1977) (opinion of WILLIAMS, J.) (quotation marks omitted). In doing so, the McDougall majority overruled Perin v Peuler, (On Rehearing), 373 Mich 531; 130 NW2d 4 (1964), criticizing Perin’s rule as overly broad.
*179 However, I continue to believe that Perin properly applied Const 1963, art 6, § 5. As I explained in McDougall, 461 Mich at 41-42 (CAVANAGH, J., dissenting), the separation-of-powers doctrine can be traced to the first Michigan Constitution, “which even predated our statehood.” We have long held that when a court rule and a statute conflict, the court rule shall control absent the Court’s acquiescence. See e.g., Byrne v Gypsum Plaster & Stucco Co, 141 Mich 62, 63-34; 104 NW 410 (1905); Berman v Psiharis, 325 Mich 528, 533; 39 NW2d 58 (1949); In re Koss Estate, 340 Mich 185, 189-190; 65 NW2d 316 (1954). As Perin correctly explained, “[t]he function of enacting and amending judicial rules of practice and procedure has been committed exclusively to this Court[,] a function with which the legislature may not meddle or interfere save as the Court may acquiesce and adopt for retention at judicial will.” Perin, 373 Mich at 541 (citations omitted). Thus, unless this Court acquiesces to the Legislature’s decisions to regulate court procedures, this Court’s power to regulate its own matters will always trump any legislatively prescribed rules.
Supplementing Perin’s analysis, when one considers the definitions of “substantive law” and “procedural law,” it becomes clear that lesser-included-offense instructions are procedural rather than substantive law, and, therefore, within the Court’s constitutionally prescribed powers under art 6, § 5. “Substantive law” is defined as “[t]he part of law that creates, defines, and regulates the rights, duties, and powers of parties,” Black’s Law Dictionary (8th ed); whereas, “procedural law” is defined as “[t]he rules that prescribe the steps for having a right or duty judicially enforced, as opposed to the law that defines the specific rights and duties themselves.” Id. Indeed, our caselaw supports these distinctions between substantive and procedural law. *180 For example, Phelps v Wayne Circuit Judge, 225 Mich 514, 517-518; 196 NW 195 (1923), determined a statute to be procedural and explained that “[t]he contingent right given by the statute is not substantive law, but a rule of procedure relating only to the remedy. Its purpose and character class it as adjective law, which deals with methods for maintenance and enforcement of primary rights or to redress their invasion.” Similarly, Chandler Motor Sales Co v Dertien, 229 Mich 630, 634; 201 NW 954 (1925), explained that a procedural law “is one of practice. It relates to the method of applying a remedy and not to the substantive law (citation and quotation marks omitted).”
Lesser-included-offense instructions determine the method by which the substantive law—i.e. crimes—are applied in a criminal case. They do not, however, determine what is or is not a crime, and they do not define the rights and duties of members of society. Instead, they help prescribe the steps that a jury follows in reaching its verdict by informing the jury of their options under the existing substantive law. In other words, lesser-included-offense instructions inform the jury of the applicable crimes the jury may consider. Another way to approach the issue is to consider a jury’s verdict the “remedy” in a criminal trial. Just like the outcome of a civil case is a remedy, the outcome in a criminal case is the verdict. See Chandler Motor Sales Co, 229 Mich at 634. Stated another way, lesser-included-offense instructions consider the methods for redressing a criminal defendant’s potential “invasion,” see Phelps, 225 Mich at 517-518, by prescribing the steps for determining a criminal sentence. Likewise, lesser-included-offense instructions do not determine what remedy is available, or whether a remedy is available, but instead inform the method of choosing and applying the “remedy” by providing varied options *181 to the jury. And while the bar in MCL 257.626(5) on jury instruction in this case could arguably define the substantive rights of a defendant, the rights being defined are those within the context of a trial: they are the procedural rights a criminal defendant is afforded, and not the rights and obligations of the defendant as it relates to his membership in society.
Having established that lesser-included-offense instructions are indeed procedural, and, thus, within the purview of the court, the Legislature’s action is only impermissible if the law conflicts with a court rule. I believe that there is such a conflict. MCR 2.512(B)(2) requires that the court “shall instruct the jury on the applicable law, the issues presented by the case, and, if a party requests as provided in [another subrule], that party’s theory of the case.” In my view, MCR 2.512(B)(2) directs that the court instruct the jury regarding lesser included offenses because lesser included offenses for which a defendant is potentially culpable is part of the “applicable law.” In addition, as discussed later in this opinion, jury instructions, including lesser-included-offense instructions, are integral to a defendant’s ability to present his theory of the case. Therefore, in my mind, MCL 257.626(5) irreconcilably conflicts with MCR 2.512(B)(2). The court rule must control unless this Court acquiesces or adopts the statute’s rule—we have done neither. Therefore, MCL 257.626(5) impermissibly infringes this Court’s sole authority to adopt rules and procedures and thus violates the separation-of-powers doctrine.
To the contrary, the majority holds that lesser-included-offense instructions are a matter of substantive law and, thus, the Legislature’s regulation of such instructions does not offend the separation-of-powers doctrine. However, the majority merely cites a single *182 statement in People v Cornell, 466 Mich 335, 353; 646 NW2d 127 (2002), that “[d]etermining what charges a jury may consider . .. concerns a matter of substantive law.” Yet Cornell provided little analysis to support this bold pronouncement, simply citing the following passage from People v Piasecki, 333 Mich 122, 143; 52 NW2d 626 (1952):
The measure of control exercised in connection with the prevention and detection of crime and prosecution and punishment of criminals is set forth in the statutes of the State pertaining thereto, particularly the penal code and the code of criminal procedure. The powers of the courts with reference to such matters are derived from the statutes.
When read in context, it is clear that Piasecki defined jurisdictional powers of the Court as granted by the Legislature. Importantly, Piasecki did not involve a situation in which the Legislature attempted to intrude on powers constitutionally granted to the courts under Const 1963, art 6, § 5. Thus, Cornell’s citation to Piasecki to support its assertion was incorrect, as the following passage from Piasecki makes clear:
Appellant’s argument does not rest on the theory of an improper usurpation of judicial authority but on the claim that if the jurisdiction of the court in the criminal case has attached there may be no interference with such jurisdiction.
We are not dealing with a situation in which the legislature has undertaken to interfere with the exercise of strictly judicial prerogatives in the trial of cases .... Such decisions are not in point in the instant controversy. We are concerned here with the power of the legislature to create substantive rights and to provide for the protection thereof *183 in matters that are clearly within the scope of the police power of the State. [Id. at 147-148 (emphasis added) (citations omitted).]
It is clear that Piasecki’s discussion regarding the court’s power was describing those jurisdictional powers granted to the courts by the Legislature, not those powers that are inherent in the courts by virtue of Michigan’s Constitution. Thus, in my opinion, Cornell’s fleeting statement was incorrect, and the majority’s reliance on it is likewise improper.
Moreover, in McDougall and subsequent cases, including this one, the majority continues to apply an overbroad test that risks making this Court’s ability to govern judicial matters all but an illusion. As previously stated, the majority considers whether “no clear legislative policy consideration other than judicial dispatch of litigation can be identified.” McDougall, 461 Mich at 30 (citation and quotation marks omitted). However, the pitfalls of the majority’s test become clear when one considers that a policy reason can be found for nearly any legislative enactment affecting the procedures of the courts. Under the majority’s test, arguably the Legislature could amend the voir dire process to attempt to ensure better jury selections, or even attempt to dictate the structure of a trial for the purposes of efficiency. I am hesitant to believe that the Legislature acts purely arbitrarily, without policy considerations in mind. In other words, irrespective of whether the Legislature acts within the confines of its power, every law passed by the Legislature, whether constitutional or not, is the result of a policy decision. It would seem, therefore, that unless the Legislature acts arbitrarily, with no policy goal in mind, every law involves a “legislative policy consideration.” Therefore, I believe that the mere existence of legislative policy goals is not sufficient to avoid separation-of-powers concerns.
*184 II. RIGHT TO A JURY TRIAL
In addition to violating the separation-of-powers doctrine, MCL 257.626(5) gravely implicates the constitutional right to a trial by jury in two ways. First, more broadly, lesser-included-offense instructions ensure that a jury makes an informed decision and a defendant is able to present the theory of his case. Second, MCL 257.626(5) punishes a defendant for exercising his right to a trial by jury.
First, the Sixth Amendment requires that the state afford a defendant a jury trial at the defendant’s request in “serious criminal cases.” Duncan v Louisiana, 391 US 145, 156; 88 S Ct 1444; 20 L Ed 2d 491 (1986). See, also, People v Duncan, 462 Mich 47, 53; 610 NW2d 551 (2000). Also, the court’s failure to instruct a jury on the elements of an offense “deprive[s] defendants of ‘basic protections’ without which ‘a criminal trial cannot reliably serve its function as a vehicle for determination of guilt or innocence . . . and no criminal punishment may be regarded as fundamentally fair.’ ” Neder v United States, 527 US 1, 8-9; 119 S Ct 1827; 144 L Ed 2d 35 (1999), quoting Rose v Clark, 478 US 570, 577-578; 106 S Ct 3101; 92 L Ed 2d 460 (1986). The court must inform the jury of the law by which its verdict must be controlled; otherwise, the jury is deprived of a tool essential to its decision-making process. See Duncan, 462 Mich at 52-53.
As noted, we have held that the failure to instruct on an element of a crime undermines the reliability of a verdict. Id. at 54. Similarly, the failure to instruct on a lesser included offense undermines the reliability of a jury’s verdict. When credible evidence exists to support such an instruction, the failure to provide it denies the jury the opportunity to consider the defendant’s theory of the case and deprives a defendant of his right to a fair *185 trial. See People v Rodriguez, 463 Mich 466, 474; 620 NW2d 13 (2000); Cornell, 466 Mich at 375 (KELLY, J., dissenting). Indeed, instructions on lesser included offenses mitigate “the risk that a defendant might otherwise be convicted of a crime more serious than that which the jury believes he committed simply because the jury wishes to avoid setting him free.” Vujosevic v Rafferty, 844 F2d 1023, 1027 (CA 3, 1988), citing Keeble v United States, 412 US 205, 212, 213; 93 S Ct 1993; 36 L Ed 2d 844 (1973). Therefore, these instructions are important to ensure that a defendant is only convicted of the crime he actually committed.
Because this Court has concluded that lesser-included-offense instructions are a necessary part of ensuring reliable verdicts and, thus, protecting a defendant’s Sixth Amendment right to a jury trial, why would we sanction a law as constitutional when it curtails constitutional guarantees? Notably, this Court would invalidate as unconstitutional any law that sought to curtail a defendant’s right to an attorney under the Fifth or Sixth Amendment. Similarly, the Court would invalidate any law that sought to reduce the protections of the Fourth Amendment against search and seizure in order to aid police. It must follow that any law which impinges on a defendant’s right to a jury trial must, similarly, be found unconstitutional. Therefore, in my mind, any law, including MCL 257.626(5), that bars a jury from hearing and considering lesser included offenses violates a criminal defendant’s Sixth Amendment right to a jury trial.
But the constitutional concerns with MCL 257.626(5) do not stop there. In addition to its impact on a jury’s ability to render informed decisions, it also impermissibly punishes a defendant for exercising his right to a jury trial. MCL 257.626(5) states, “In a prosecution *186 under [reckless driving causing death], the jury shall not be instructed regarding the crime of moving violation causing death.” Emphasis added. MCL 257.626(5), by its plain language, only restricts a jury’s ability to be instructed on the lesser included offense of moving violation causing death. However, it is silent regarding bench trials and, thus, does not preclude the consideration of the lesser included offense if the defendant chooses to forgo the right to a jury trial.[1] The effect of this statute is that a defendant who exercises his right to a jury trial is placed at a disadvantage because the lesser included offense of moving violation causing death is not available. This places defendants between a rock and a hard place as they are forced to choose whether to exercise their constitutional right to a jury trial or to have considered the lesser offense of moving violation causing death, a misdemeanor, instead of *187 reckless driving causing death, a 15-year felony. See MCL 257.601d(l), MCL 257.626(4).
Further, MCL 763.3(1) allows a prosecutor, in effect, to preclude any consideration of the lesser included offense of moving violation causing death. MCL 763.3(1) states that, “In all criminal cases arising in the courts of this state the defendant may, with the consent of the prosecutor and approval by the court, waive a determination of the facts by a jury and elect to be tried before the court without a jury.” Emphasis added. See, also, People v Kirby, 440 Mich 485, 487; 487 NW2d 404 (1992). Therefore, a defendant may not elect a bench trial without the prosecutor and the court’s consent. This grants the prosecutor a significant strategic advantage to preclude the consideration of a charge that, as has been explained, is necessary to a defendant’s ability to present his theory of his case.
“The right [to a jury trial] includes, of course, as its most important element, the right to have the jury, rather than the judge, reach the requisite finding of ‘guilty.’ ” Sullivan v Louisiana, 508 US 275, 277; 113 S Ct 2078; 124 L Ed 2d 182 (1993). “What the factfinder must determine to return a verdict of guilty is prescribed by the Due Process Clause. The prosecution bears the burden of proving all elements of the offense and must persuade the factfinder ‘beyond a reasonable doubt’ of the facts necessary to establish each of those elements.” Id. at 277-278 (citations omitted). The ultimate effect of MCL 257.626(5) and MCL 763.3(1) is that a defendant may never be able to have the lesser included offense of moving violation causing death considered in a criminal trial. The result is a chilling effect on a defendant’s constitutional right to trial by jury. In my view, MCL 257.626(5) violates a defendant’s right to jury trial and is, therefore, unconstitutional.
*188 hi. CONCLUSION
Because I believe that jury instructions are procedural rather than substantive, and because MCL 257.626(5) conflicts with MCR 2.512(B)(2), I believe that MCL 257.626(5) is an unconstitutional violation of the separation-of-powers doctrine. Further, because MCL 257.626(5) limits a defendant’s ability to present the theory of his case to a jury and effectively punishes a defendant for exercising his Sixth Amendment right to a trial by jury, MCL 257.626(5) is also unconstitutional under the Sixth Amendment. Accordingly, I would affirm the Court of Appeals holding that the circuit court properly granted defendant’s request that the jury be instructed on the lesser included offense of moving violation causing death.

 The majority ignores its own textualist approach when it states, “To interpret MCL 257.626(5) as precluding the lesser offense instruction in either a jury trial or bench trial is . . . consistent with the general purposes of MCL 275.626(5).” However, this approach ignores that “[wjhen construing a statute, the Court’s primary obligation is to ascertain the legislative intent that may be reasonably inferred from the words expressed in the statute. If the language of the statute is unambiguous, the Legislature is presumed to have intended the meaning expressed.” GC Timmis & Co v Guardian Alarm Co, 468 Mich 416, 420; 662 NW2d 710 (2003) (citations and quotation marks omitted). The language of MCL 257.626(5) is clear, and it only precludes the jury’s consideration of lesser-included-offense instructions. Had the Legislature intended the meaning that the majority gives MCL 257.626(5), it would have included language similar to that in MCL 768.32(2), which states that “the jury, or judge in a trial without a jury, may find the accused not guilty of the offense in the degree charged in the indictment but may find the accused guilty of a degree of that offense inferior to that charged in the indictment only if the lesser included offense is a major controlled substance offense.” Emphasis added. Therefore, the Legislature knows how to preclude lesser included offense considerations in both jury and bench trials, but chose not to do so in MCL 257.626(5).