# Order

Michigan Supreme Court
Lansing, Michigan

May 5, 2006

Clifford W. Taylor,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman,
Justices

128774

PEOPLE OF THE STATE OF MICHIGAN,
      Plaintiff-Appellee,

v

THOMAS C. WALLS,
      Defendant-Appellant.

SC: 128774
COA: 251454
Oakland CC: 2002-184922-FC

_____/

On order of the Court, the application for leave to appeal the April 7, 2005 judgment of the Court of Appeals is considered, and it is DENIED, because we are not persuaded that the questions presented should be reviewed by this Court.

CORRIGAN, J., concurs and states as follows:

I concur in the denial of leave to appeal. The Court of Appeals majority correctly held that felonious assault, MCL 750.82, is not a necessarily included lesser offense of assault with intent to rob while armed, MCL 750.89. As the majority explained, felonious assault requires the possession of a dangerous weapon, whereas assault with intent to rob while armed allows conviction where the offender merely has "any article used or fashioned in a manner to lead a person so assaulted reasonably to believe it to be a dangerous weapon . . . ." MCL 750.89.

The Court of Appeals majority thus concluded that the offense of felonious assault contains an element that is not contained in the offense of assault with intent to rob while armed. Therefore, because the elements of felonious assault are not completely subsumed in the greater offense, felonious assault is a cognate offense and no instruction was permitted under *People v Cornell*, 466 Mich 335 (2002).[1]

---

[1] I respectfully disagree with our dissenting colleague's analysis. She invents an "alternative elements" rationale to support her assertion that the elements of felonious assault and assault with intent to rob while armed are the same. She notes that assault with intent to rob while armed may be proven where the defendant was armed with either a dangerous weapon or "any article used or fashioned in a manner to lead a person so assaulted reasonably to believe it to be a dangerous weapon . . . ." MCL 750.89.

I respectfully disagree with some of the views expressed in the concurring judge's opinion in the Court of Appeals. Specifically, the concurrence seemed to suggest that a court must analyze the facts of a particular case to determine whether an offense is necessarily included. Because defendant here did possess a weapon, the concurrence opined that felonious assault was a necessarily included lesser offense *in this case*.

I believe the assumption underlying the concurring judge's analysis is incorrect. The question whether a lesser offense is necessarily included is resolved solely by reference to the elements of the offenses. See *People v Mendoza*, 468 Mich 527, 532 n 3 (2003) ("Necessarily included lesser offenses are offenses in which the *elements* of the lesser offense are completely subsumed in the greater offense"). (Emphasis added.) The facts of a specific case are not considered until after the determination whether an offense is necessarily included is made, and then only for the purpose of determining whether the lesser offense instruction is warranted in that case. See *Cornell*, *supra*, 466 Mich 358 n 13; *Mendoza*, *supra*.

Therefore, a court should endeavor to avoid conflating two separate analytical steps: (1) the court must first determine whether an offense is necessarily included, which requires a comparison of the elements of the offenses, and (2) once it is established that the offense is necessarily included, the court must then determine whether an instruction is warranted on the facts of a particular case, by examining whether "the charged greater offense requires the jury to find a disputed factual element that is not part of the lesser included offense and a rational view of the evidence would support it." *Cornell*, *supra*, 466 Mich 357.

Because the Court of Appeals majority correctly analyzed this issue, I concur in the denial of leave to appeal.

CAVANAGH, J., would grant leave to appeal.

---

The dissent's analysis fails to rebut the conclusion that felonious assault is a cognate offense of assault with intent to rob while armed. While it is certainly *possible* to prove assault with intent to rob while armed by adducing evidence that the defendant was armed with a dangerous weapon, it is *also* possible to prove that offense where the defendant was *not* armed with a dangerous weapon. By contrast, the plain text of the felonious assault statute *requires* proof that the defendant was armed with a dangerous weapon. Thus, the elements of felonious assault are *not* completely subsumed in the greater offense, and it *is* possible to commit the greater offense without having first committed the lesser. Thus, under our decisions in *Cornell*, *supra* at 356, and *People v Mendoza,* 468 Mich 527, 532 n 3 (2003), felonious assault is a cognate offense of assault with intent to rob while armed, and no instruction on felonious assault was permitted.

KELLY, J., dissents and states as follows:

I write to indicate why I would grant leave to appeal. Also, I respond to the concurring statement of my colleague that misconstrues the elements of assault with intent to rob and steal while armed. MCL 750.89. The effect of the concurrence could confuse the bench and bar when similar questions arise in the future. Lastly, I point out that both the concurrence and the order provide no rationale for their decision to deny leave to appeal. I find the decision inexplicable.

MCL 750.89 provides:

> Assault with intent to rob and steal being armed—Any person, *being armed with a dangerous weapon, or* any article used or fashioned in a manner to lead a person so assaulted reasonably to believe it to be a dangerous weapon, who shall assault another with intent to rob and steal shall be guilty of a felony, punishable by imprisonment in the state prison for life, or for any term of years. [Emphasis added.]

This statute is unusual because it provides alternative elements: The accused must either (1) have possessed a dangerous weapon or (2) have been in possession of an article used or fashioned in a manner to lead a person reasonably to believe it was a dangerous weapon. MCL 750.89.[2] Appellant asks us to decide the effect on this statute of the holdings in *People v Cornell*[3] and *People v Mendoza.*[4] Given that this Court has never addressed the question, it would be helpful to do so now.

The concurrence pays no attention to the fact that the crime in question has alternative elements. Instead, it reads "*being armed with a dangerous weapon, or*" completely out of the statute. It is well accepted that courts should not render a part of a statute nugatory. Wherever possible, every word should be given meaning. *People v Warren*, 462 Mich 415, 429 n 24 (2000). The concurrence violates this rule of statutory construction without explanation.

---

[2] The concurrence accuses me of inventing the rationale that there are alternative elements. I have merely read the statute as written. By its use of this language, the Legislature created alternative elements to this crime. The concurrence and the majority fail to recognize this and, in doing so, they fail to give effect to the Legislature's intent.

[3] 466 Mich 335 (2002).

[4] 468 Mich 527 (2003).

Once it is clear that the concurrence is not properly reading the statute, its criticisms of the Court of Appeals concurrence disintegrate. Judge Donofrio appropriately recognized that the statute contains alternative elements. His subsequent analysis is based on that fact. Because his reading of it raises interesting and important issues under *Cornell*, the Court should grant leave to appeal in order to resolve them.

In the case of an alleged assault with intent to rob and steal while armed, the prosecution may attempt to prove that a dangerous weapon was used. Then, the elements of that crime and the crime of felonious assault are the same. But in a case that involves an article that the accused is alleged to have pretended was a dangerous weapon, the elements of the two crimes are not the same.[5] It is the former situation that the Court is called on to address in this case. And it is this concern that Judge Donofrio discussed in his opinion.

Therefore, I dissent from the majority's refusal to grant leave to appeal and from the concurrence's undue criticism of Judge Donofrio's opinion. The Court should address his well-stated concerns.

---

[5] In the majority of cases, the prosecution will prove assault with intent to rob and steal while armed by demonstrating that the defendant used a dangerous weapon. Nothing in *Cornell* precludes most defendants from obtaining a jury instruction on felonious assault simply because there are cases where the prosecution need not prove the use of a dangerous weapon. I see no reason why this minority of cases should rob the majority of cases in which the elements will be completely subsumed of the necessary lesser included offense instruction. *Cornell* offers these protections in all other cases where the elements are completely subsumed. Instead of avoiding the unusual issue presented by these alternative elements to the crime, this Court should pay respect to the language chosen by the Legislature. It should decide the effects of that language under *Cornell*.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

May 5, 2006

*Corbin R. Davis*

Clerk