# Syllabus

Chief Justice: Robert P. Young, Jr.

Justices:
Michael F. Cavanagh
Stephen J. Markman
Mary Beth Kelly
Brian K. Zahra
Bridget M. McCormack
David F. Viviano

This syllabus constitutes no part of the opinion of the Court but has been prepared by the Reporter of Decisions for the convenience of the reader.

Reporter of Decisions:
Corbin R. Davis

PEOPLE v JONES

Docket No. 147735. Argued October 9, 2014 (Calendar No. 6). Decided December 23, 2014.

Thabo Jones was charged in the 36th District Court with reckless driving causing death in violation of MCL 257.626(4). The court, Cylenthia L. Miller, J., bound defendant over to the Wayne Circuit Court following a preliminary examination. In a pretrial motion, defendant requested that the circuit court instruct the jury on the lesser included offense of moving violation causing death, MCL 257.601d, although MCL 257.626(5) specifically prohibits giving this instruction when the charged offense is reckless driving causing death. The circuit court, Richard M. Skutt, J., granted the motion, concluding that MCL 257.626(5) unconstitutionally infringed the judiciary's authority to establish court practice and procedure. The Court of Appeals, RONAYNE KRAUSE and SHAPIRO, JJ. (K. F. KELLY, J., dissenting), affirmed. 302 Mich App 434 (2013). The Supreme Court granted the prosecutor's interlocutory application for leave to appeal. 495 Mich 905 (2013).

In an opinion by Justice KELLY, joined by Chief Justice YOUNG and Justices MARKMAN, ZAHRA, and McCORMACK, the Supreme Court *held*:

The circuit court erred by granting defendant's request to instruct the jury on moving violation causing death. The Legislature acted within its constitutional authority by creating a substantive exception that prohibited the jury's consideration of that lesser offense when the charged offense is reckless driving causing death.

1. MCL 768.32(1) sets forth the general rule that a defendant is entitled to have the jury instructed on necessarily included lesser offenses. MCL 257.626(5) sets forth a clear exception to this general rule: when a defendant is charged with reckless driving causing death, the jury shall not be instructed regarding the crime of moving violation causing death. Under *People v Cornell*, 466 Mich 335 (2002), this legislative modification did not impermissibly infringe the Supreme Court's constitutional authority to enact rules governing practice and procedure because determining what charges a jury may consider concerned a matter of substantive law.

2. Defendant did not have a Sixth Amendment right to have the jury instructed on moving violation causing death. While the United States Supreme Court has ruled that the jury must have the opportunity to convict on a lesser included offense in capital cases, it has expressly declined to rule on whether there is a constitutional entitlement to have the jury consider lesser included offenses in cases involving noncapital offenses. The fact that

MCL 257.626(5) is silent in the context of a judge sitting as finder of fact did not alter this conclusion. Given the clear intent of the Legislature to forbid consideration of the lesser misdemeanor offense of moving violation causing death when a defendant has been charged with reckless driving causing death, a judge trying a case without a jury would understand that the defendant could not be convicted of the lesser offense.

Justice VIVIANO, concurring in the result, would have decided the case on the nonconstitutional ground that the offense of moving violation causing death, which may only be committed by a person operating a motor vehicle, is not a necessarily included lesser offense of reckless driving causing death, which may be committed in a non-motor vehicle.

Court of Appeals judgment reversed; case remanded to the circuit court for further proceedings.

Justice CAVANAGH, dissenting, would have affirmed on the basis of his views that jury instructions are procedural rather than substantive, that MCL 257.626(5) violates the constitutional separation-of-powers doctrine because it conflicts with MCR 2.512(B)(2), and that MCL 257.626(5) violates defendants' Sixth Amendment rights by limiting their ability to present their theory of the case and by effectively punishing them for exercising their right to a trial by jury.

©2014 State of Michigan

# Opinion

Chief Justice:  Justices:
Robert P. Young, Jr.  Michael F. Cavanagh
Stephen J. Markman
Mary Beth Kelly
Brian K. Zahra
Bridget M. McCormack
David F. Viviano

FILED DECEMBER 23, 2014

STATE OF MICHIGAN

SUPREME COURT

PEOPLE OF THE STATE OF MICHIGAN,

　　　　Plaintiff-Appellant,

v                                No. 147735

THABO JONES,

　　　　Defendant-Appellee.

BEFORE THE ENTIRE BENCH

KELLY, J.

This interlocutory appeal concerns whether a defendant charged with reckless driving causing death[1] is entitled to a jury instruction on the misdemeanor lesser offense of moving violation causing death,[2] notwithstanding the Legislature's prohibition against such an instruction.[3] Ordinarily, statutory law entitles criminal defendants to instructions

---

[1] MCL 257.626(4).

[2] MCL 257.601d.

[3] MCL 257.626(5).

on necessarily included lesser offenses when the facts at issue warrant such instructions.[4] Here, because the Legislature specifically created an exception prohibiting an instruction on moving violation causing death where the charged offense is reckless driving causing death, and because the Legislature did not exceed its constitutional authority in doing so, we hold that it was error for the circuit court to grant the defendant's request to instruct the jury on moving violation causing death.

We therefore reverse the judgment of the Court of Appeals and remand this case to the Wayne Circuit Court for further proceedings consistent with this opinion. Specifically, on remand, the circuit court shall enter an order vacating its ruling granting defendant's request to instruct the jury on the misdemeanor lesser offense of moving violation causing death. In light of the clear legislative dictates of MCL 257.626(5), the circuit court is precluded from granting defendant's request and providing such a jury instruction.

## I. FACTS AND PROCEDURAL HISTORY

On the afternoon of March 2, 2012, defendant was driving his automobile at approximately 80 mph on a road with a posted speed limit of 35 mph. While changing lanes, defendant collided with another vehicle, which, in turn, struck a third vehicle that had been parked on the side of the road. The driver of the second vehicle was killed in the collision. Consequently, defendant was charged with reckless driving causing death under MCL 257.626(4).

---

[4] MCL 768.32(1); *People v Cornell*, 466 Mich 335; 646 NW2d 127 (2002).

Prior to trial, defense counsel filed a motion in limine, requesting that the circuit court instruct the jury on the misdemeanor lesser offense of committing a moving violation causing death. Despite the explicit prohibition in MCL 257.626(5) against such an instruction, the circuit court granted the motion, concluding that moving violation causing death is a necessarily included lesser offense of reckless driving causing death and, therefore, MCL 257.626(5) violates the doctrine of separation of powers under Const 1963, art 3, § 2.

The prosecution appealed, and the Court of Appeals affirmed in a split published opinion. The majority held that MCL 257.626(5) is constitutionally infirm because it violates both the separation of powers and a criminal defendant's fundamental due process right to a trial by jury.[5] Noting the general rule that a jury may acquit a defendant of the charged offense and instead find him guilty of a lesser offense, the majority first concluded that it is a violation of the separation of powers for the Legislature to prohibit the courts from instructing the jury on a necessarily included lesser offense. Because MCL 257.626(5) impermissibly precludes an instruction on moving violation causing death, which "by definition" is a necessarily included lesser offense of reckless driving causing death, the majority held the statutory prohibition to be unconstitutional.[6] The majority explained that because the Legislature's sole function is to create substantive law whereas the Supreme Court has exclusive rulemaking authority in matters of practice and procedure, effectuating the right to a properly instructed jury is

---

[5] *People v Jones*, 302 Mich App 434; 839 NW2d 51 (2013).

[6] *Id*. at 439.

exclusively within the domain of the judiciary.[7]  Therefore, by prohibiting courts from instructing juries on the necessarily included lesser offense of moving violation causing death, the Legislature, via MCL 257.626(5), unconstitutionally infringed the judiciary's authority to establish court practice and procedure.[8]

Alternatively, the majority concluded that MCL 257.626(5) could likewise be invalidated as an unconstitutional deprivation of a defendant's right to a trial by a properly instructed jury.  The majority observed that although MCL 257.626(5) plainly prevents the court from instructing the jury on the lesser offense of moving violation causing death, the statute does not bar or otherwise restrict *a judge* sitting as fact-finder from finding a defendant guilty of that lesser offense.  The majority reasoned that, had the Legislature intended to limit a judge's consideration of moving violation causing death, it could have easily included language to that effect.  Because a criminal defendant has no right to a bench trial unless the prosecutor and judge agree,[9] MCL 257.626(5) places a criminal defendant in the position of compromising one right in favor of another, namely, a criminal defendant must relinquish his constitutional right to a trial by jury in order to permit the fact-finder to consider the lesser offense of moving violation causing death.[10]

---

[7] *Id*. at 441, 442, citing *People v Cornell*, 466 Mich 335, 349; 646 NW2d 127 (2002).

[8] *Id*. at 440, citing *McDougall v Schanz*, 461 Mich 15; 597 NW2d 148 (1999).

[9] See MCL 763.3 and MCR 6.401.

[10] *Id*. at 443.

4

We granted the prosecution's interlocutory application for leave to appeal, directing the parties to brief the following issues:

> (1) whether a legislative provision barring consideration of a necessarily included lesser offense violates the separation of powers doctrine, Const 1963, art 3, § 2; (2) whether MCL 257.626(5) violates a defendant's right to a jury trial by foreclosing a jury instruction on a lesser offense; and (3) whether MCL 257.601d is a necessarily included lesser offense of MCL 257.626(4).[11]

## II. STANDARD OF REVIEW

The prosecution contends that the circuit court erred by granting defendant's request to instruct the jury on the misdemeanor lesser offense of moving violation causing death. We review de novo a claim of instructional error involving a question of law.[12] However, a circuit court's decision as to whether a requested lesser-included-offense instruction is applicable under the facts of a particular case will only be reversed upon a finding of an abuse of discretion.[13] An abuse of discretion occurs when the circuit court chooses an outcome that falls outside the range of principled outcomes.[14] Before addressing any alleged instructional error by the circuit court, however, we first consider whether a defendant is entitled to a jury instruction on the offense of moving violation

---

[11] *People v Jones*, 495 Mich 905 (2014).

[12] *People v Gillis*, 474 Mich 105, 113; 712 NW2d 419 (2006).

[13] *Cornell*, 466 Mich at 352-353.

[14] *People v Musser*, 494 Mich 337, 348; 835 NW2d 319 (2013).

5

causing death despite the statutory prohibition set forth in MCL 257.626(5). We review this and other questions of law de novo.[15]

### III.  ANALYSIS

In determining whether the circuit court erred by granting the request to instruct the jury on the misdemeanor lesser offense of moving violation causing death, we begin by reviewing the common law and statutory basis for lesser offense instructions, after which we will address the extent to which this review affects the construction of the reckless driving causing death and moving violation causing death provisions.[16]

### A.  PROPRIETY OF LESSER-INCLUDED-OFFENSE INSTRUCTIONS

At common law, the general rule of lesser included offenses was that

> when an indictment charged an offense which included within it another less offense or one of a lower degree, the defendant, though acquitted of the higher offense, might be convicted of the less.
>
> This rule, however, was subject to the qualification, that upon an indictment for a felony, the defendant could not be convicted of a misdemeanor.[17]

---

[15] *People v Kowalski*, 489 Mich 488, 497; 803 NW2d 200 (2011).

[16] Because both parties have conceded that moving violation causing death is, in fact, a necessarily included lesser offense of reckless driving causing death—as opposed to a cognate offense—we will proceed on this assumption, analyzing this case in light of that concession.  We note, however, that even if moving violation causing death does *not* constitute a necessarily included lesser offense of reckless driving causing death, the result would nevertheless the same because, as will be discussed later in the opinion, MCL 768.32(1) does not permit cognate lesser offense instructions.  See *People v Cornell*, 466 Mich 335, 359; 646 NW2d 127 (2002).

[17] *Hanna v People*, 19 Mich 316, 318 (1869).

6

This common-law rule has since been legislatively modified[18] and appears in what is now

MCL 768.32(1), which provides as follows:

> Except as provided in subsection (2), upon an indictment for an offense, consisting of different degrees, as prescribed in this chapter, the jury, or the judge in a trial without a jury, may find the accused not guilty of the offense in the degree charged in the indictment and may find the accused person guilty of a degree of that offense inferior to that charged in the indictment, or of an attempt to commit that offense.[19]

---

[18] Significantly, no longer does the rule preclude a misdemeanor from constituting a lesser included offense of a felony but instead authorizes a conviction "for any substantive offense included in the offense charged, without reference to the fact that one was a felony and the other a misdemeanor . . . ." *Hanna*, 19 Mich at 322.

[19] We note that when the charged offense involves a major controlled substance, the rules pertaining to lesser included offenses are different. MCL 768.32(2) states:

> (2) Upon an indictment for an offense specified in section 7401(2)(a)(*i*) or (*ii*) or section 7403(2)(a)(*i*) or (*ii*) of the public health code, Act No. 368 of the Public Acts of 1978, being sections 333.7401 and 333.7403 of the Michigan Compiled Laws, or conspiracy to commit 1 or more of these offenses, the jury, or judge in a trial without a jury, may find the accused not guilty of the offense in the degree charged in the indictment but may find the accused guilty of a degree of that offense inferior to that charged in the indictment only if the lesser included offense is a major controlled substance offense. A jury shall not be instructed as to other lesser included offenses involving the same controlled substance nor as to an attempt to commit either a major controlled substance offense or a lesser included offense involving the same controlled substance. The jury shall be instructed to return a verdict of not guilty of an offense involving the controlled substance at issue if it finds that the evidence does not establish the defendant's guilt as to the commission of a major controlled substance offense involving that controlled substance. A judge in a trial without a jury shall find the defendant not guilty of an offense involving the controlled substance at issue if the judge finds that the evidence does not establish the defendant's guilt as to the commission of a major controlled substance offense involving that controlled substance.

In *People v Binder (On Remand)*, 215 Mich App 30; 544 NW2d 714 (1996), the Court of Appeals held unconstitutional the provisions of MCL 768.32(2) that limit consideration

Reduced to its simplest terms, when a defendant is charged with an offense "consisting of different degrees," the factfinder may, consistent with the statutory text, acquit the defendant of the charged offense and find him of her "guilty of a degree of that offense inferior to that charged in the indictment . . . ."

In *People v Cornell*,[20] this Court considered what crimes constitute lesser or "inferior" offenses within the meaning of MCL 768.32(1). After reviewing the dissonant approaches to lesser-included-offense instructions articulated throughout our jurisprudence, this Court noted that "the word 'inferior' in the statute does not refer to inferiority in the penalty associated with the offense, but, rather, to the absence of an element that distinguishes the charged offense from the lesser offense."[21] On this basis, this Court concluded that a defendant is entitled to a lesser offense instruction only if that lesser offense is necessarily included in the greater offense; that is, the offense must be committed as part of the greater offense insofar as it would be "impossible to commit the greater offense without first committing the lesser offense."[22] *Cornell* thus interpreted the legislative prerogative contained in MCL 768.32(1)—that an included-inferior-offense instruction may be appropriate upon request—as limited to necessarily included lesser

---

of the lesser offense and jury instruction in cases involving a major controlled substance offense as a violation of the separation of powers doctrine. This Court, however, vacated that portion of the Court of Appeals opinion as unnecessary to the resolution of that case. *People v Binder*, 453 Mich 915 (1996).

[20] 466 Mich 335.

[21] *Id*. at 354, quoting *People v Torres (On Remand)*, 222 Mich App 411, 419-420; 564 NW2d 149 (1997) (citation and quotation marks omitted).

[22] *Id*. at 361; *People v Hendricks*, 446 Mich 435; 521 NW2d 546 (1994).

offenses only; it foreclosed consideration of cognate lesser offenses, which, in the absence of adequate notice, may violate a defendant's fundamental due process rights.[23] Under *Cornell*, then, the rule of lesser included offenses is simple: pursuant to MCL 768.32(1), the court must first determine whether an offense is necessarily included, which requires a comparison of the elements of the offenses, and if so, the court must then determine whether an instruction is warranted on the facts of a particular case by examining whether "the charged greater offense requires the jury to find a disputed factual element that is not part of the lesser included offense and a rational view of the evidence would support [the instruction]."[24]

As a corollary of this conclusion, *Cornell* returned MCL 768.32(1) to its original construction as given by this Court in *Hanna*: consideration of cognate lesser offenses is not permitted and the right to an instruction on a necessarily included lesser offense turns on whether "the charged greater offense requires the jury to find a disputed factual element that is not part of the lesser included offense and a rational view of the evidence

---

[23] See *Cornell*, 466 Mich at 353-355. Indeed, "cognate" lesser offenses are those that share some common elements, and are of the same class or category as the greater offense, but likewise contain additional elements not found in the greater offense. See also *Hendricks*, 446 Mich at 443. Accordingly, failure to provide a defendant with adequate notice that he is being charged with a cognate offense may deprive the defendant of the opportunity to defend himself, since he would not have had notice of all the elements of the offense against which he was required to defend. In contrast, a defendant *always* has adequate notice that he might be charged with necessarily included lesser offenses, which contain no additional elements beyond those contained in the principal charge.

[24] *Cornell*, 466 Mich at 357.

would support [the instruction]."[25]  In so doing, this Court noted the separation of powers concerns inherent in its earlier caselaw permitting instructions on cognate offenses: to interpret MCL 768.32(1) as permitting instruction on cognate offenses is not a proper exercise of Supreme Court authority to determine rules of practice and procedure.  While this Court exclusively retains the authority and duty to prescribe general rules that "establish, modify, amend, and simplify the practice and procedure in all courts of this state,"[26] it cannot be disputed that "enact[ing] court rules that establish, abrogate, or modify the substantive law"[27] transcends the limits of that authority.  Indeed, "matters of substantive law are left to the Legislature."[28]  And because "[d]etermining what charges a jury may consider does not concern merely the 'judicial dispatch of litigation,' "[29] MCL 768.32(1) thus concerns a matter of substantive law and, consequently, courts may not promulgate procedural rules contrary to statutory law governing lesser-included-offense instructions, but are instead required to adhere to the legislative dictates.

---

[25] *Id*. at 357.

[26] Const 1963, art 6, § 5.

[27] *McDougall*, 461 Mich at 27.

[28] *Cornell*, 466 Mich at 353.  See also *People v Glass (After Remand)*, 464 Mich 266, 281; 627 NW2d 261 (2001); *McDougall*, 461 Mich at 27.

[29] *Cornell*, 466 Mich at 353, quoting *McDougall*, 461 Mich at 30.

B. RECKLESS DRIVING CAUSING DEATH AND MOVING VIOLATION

CAUSING DEATH

Defendant was charged with reckless driving causing death pursuant to MCL 257.626(4). The reckless driving statute, MCL 257.626, provides in relevant part as follows:

> (2) Except as otherwise provided in this section, a person who operates a vehicle upon a highway or a frozen public lake, stream, or pond or other place open to the general public, including, but not limited to, an area designated for the parking of motor vehicles, in willful or wanton disregard for the safety of persons or property is guilty of a misdemeanor punishable by imprisonment for not more than 93 days or a fine of not more than $500.00, or both.
>
> * * *
>
> (4) Beginning October 31, 2010,[30] a person who operates a vehicle in violation of subsection (2) and by the operation of that vehicle causes the death of another person is guilty of a felony punishable by imprisonment for not more than 15 years or a fine of not less than $2,500.00 or more than $10,000.00, or both. The judgment of sentence may impose the sanction permitted under section 625n. If the vehicle is not ordered forfeited under section 625n, the court shall order vehicle immobilization under section 904d in the judgment of sentence.
>
> (5) In a prosecution under subsection (4), the jury shall not be instructed regarding the crime of moving violation causing death.

Taken together, then, these provisions demonstrate the Legislature's intent that a person is guilty of reckless driving causing death, a 15-year felony, if that person "operates a vehicle . . . [in willful or wanton disregard for the safety of persons or property] and by the operation of that vehicle causes the death of another person. . . ." Moreover, in a

---

[30] As stated, defendant's alleged offense occurred on March 2, 2012.

prosecution for reckless driving causing death, "the jury shall not be instructed regarding the crime of moving violation causing death."

Despite these plain legislative dictates, the circuit court granted defendant's request that the jury be instructed on the misdemeanor lesser offense of moving violation causing death, which, in turn, provides as follows:

> (1) A person who commits a moving violation that causes the death of another person is guilty of a misdemeanor punishable by imprisonment for not more than 1 year or a fine of not more than $2,000.00, or both.

> * * *

> (3) This section does not prohibit the person from being charged with, convicted of, or punished for any other violation of law.

> (4) As used in this section, "moving violation" means an act or omission prohibited under this act or a local ordinance substantially corresponding to this act that involves the operation of a motor vehicle, and for which a fine may be assessed.[31]

## IV. APPLICATION

Assuming, based on the record concession, that moving violation causing death indeed constitutes a necessarily included lesser offense of reckless driving causing death, we nevertheless conclude that the circuit court erred in granting the request that the jury be instructed on the misdemeanor lesser offense of moving violation causing death. MCL 768.32(1) sets forth the general rule that a defendant is entitled to have the jury instructed on necessarily included lesser offenses. MCL 257.626(5), in turn, sets forth a clear exception to this general rule: when a defendant is charged with reckless driving

---

[31] MCL 257.601d.

12

causing death, "the jury shall not be instructed regarding the crime of moving violation causing death." As *Cornell* indicates, MCL 768.32(1) reflects both the Legislature's abolition of the common-law misdemeanor restriction as well as its proscription against consideration of cognate lesser offenses.[32] As *Cornell* further indicates, this legislative modification does not impermissibly infringe this Court's constitutional authority to enact rules governing practice and procedure, because "[d]etermining what charges a jury may consider . . . concerns a matter of substantive law."[33] Just as modifying the common-law rule is a permissible exercise of legislative authority under *Cornell*, we conclude that, by extension, so too is creating a substantive exception to that rule.[34]

Notwithstanding this Court's explicit statements to the contrary, the Court of Appeals interprets *Cornell* to "support" its conclusion that "determining what instructions should be given to the jury is exclusively within the judiciary's role."[35] The Court of Appeals opinion similarly asserts that "[c]orrectly instructing the jury . . . is a fundamental requirement of fair and proper administration of justice."[36] Yet the two cases upon which the Court of Appeals relies in support of this proposition—*People v*

---

[32] *Id*. at 354.

[33] *Id*. at 353.

[34] Indeed, we note that, as a substantive exception to the rule the Legislature articulated in MCL 768.32(1), MCL 257.626(5) has the effect of reestablishing the common-law rule with regard to the crimes of reckless driving causing death (a felony) and moving violation causing death (a misdemeanor). See *Hanna*, 19 Mich at 318 ("[U]pon an indictment for a felony, the defendant could not be convicted of a misdemeanor.").

[35] *Jones*, 302 Mich App at 442.

[36] *Id*. at 441.

13

*Murray* and *People v Townes*[37]—contain no such language nor do they somehow suggest that a criminal defendant has an unfettered right to have the jury instructed on a lesser included offense or that such instructions are within the exclusive domain of the judiciary. At most, these cases merely reaffirm the unexceptional legal premise that a judge has a duty to accurately instruct the jury regarding the "law applicable to the facts,"[38] irrespective of whether a proper request for or objection to those instructions has been made. Contrary to the Court of Appeals' assertion, MCL 257.626(5) is not a matter of practice and procedure, and, consequently, there can be no violation of separation of powers simply because a necessarily included lesser offense exists and the Legislature has acted within its constitutional authority by creating a substantive exception that prohibits or otherwise limits the jury's consideration of that lesser offense.

Nevertheless, defendant also argues that his Sixth Amendment right to a jury trial requires an instruction on moving violation causing death. However, the United States Supreme Court has not identified any requirement that a jury *must* consider lesser included offenses when deciding whether to convict on the *charged* offense. While the United States Supreme Court has ruled that, in a capital case, the jury must have the opportunity to convict on a lesser included offense,[39] this holding has been limited to

---

[37] *People v Murray*, 72 Mich 10, 16; 40 NW 29 (1888); *People v Townes*, 391 Mich 578, 587; 218 NW2d 136 (1974).

[38] *Murray*, 72 Mich at 16.

[39] *Beck v Alabama*, 447 US 625, 638; 100 S Ct 2382; 65 L Ed 2d 392 (1980).

capital offenses.[40]  Except within this limited circumstance, the United States Supreme Court has expressly declined to rule on whether there is a constitutional entitlement to have the jury consider lesser included offenses.

Neither does the fact that MCL 257.626(5) is silent in the context of a judge sitting as finder of fact at a bench trial alter our conclusion.  As stated, the Legislature made a policy decision that the jury may not be instructed on the lesser offense of moving violation causing death when the defendant is on trial for reckless driving causing death.  The trial judge has a duty to instruct the jury "as to the law applicable to the case,"[41] including lesser included offenses, and MCL 257.626(5) presents one such law applicable to the charge of reckless driving causing death.  Furthermore, there is logical connection between the jury being instructed "as to the law applicable to the case," MCL 768.29, and the jury finding guilt based on those instructions.  That is, by precluding the jury from being instructed on the crime of moving violation causing death, the Legislature was essentially precluding the jury from *convicting* a criminal defendant of that lesser offense.

---

[40] *Id*. at 638 n 14.  We recognize that defendant structures his constitutional argument as a violation of his Sixth Amendment right to a trial by jury whereas *Beck* dealt with violations of the Eighth Amendment and the Due Process Clause of the Fourteenth Amendment.  See *Smith v Spisak*, 558 US 139, 159; 130 S Ct 676; 175 L Ed 2d 595 (2010) ("Our concern in *Beck* was that presenting the jury with only two options—death or no punishment—introduced a risk of arbitrariness and error into the deliberative process that the Constitution could not abide in the capital context.").  However, defendant's failure to support his Sixth Amendment argument with citation to helpful authority deprives us of any meaningful opportunity to assess whether the constitutional entitlement announced in *Beck* should be extended to the noncapital context.

[41] MCL 768.29.

15

While jurors are not presumed to know the law applicable to a case, Michigan law presumes that a trial judge sitting as finder of fact is "aware of lesser-included offenses without the need for instruction."[42] Conversely, the judge must also be aware when (as here) it is not appropriate to consider lesser included offenses.[43] As a result, the Legislature did not need to provide an explicit limitation on a judge acting as the finder of fact when enacting its exception to the general rule governing lesser included offenses. To interpret MCL 257.626(5) as precluding the lesser offense instruction in *either* a jury trial or bench trial is therefore consistent with the general purpose of MCL 257.626(5): to eliminate the possibility that a defendant charged with reckless driving causing could be convicted of moving violation causing death. For these reasons, we agree with the Court of Appeals dissenting opinion, which explained that "[g]iven the clear intent of the Legislature to forbid consideration of the lesser misdemeanor offense of moving violation causing death when a defendant has been charged with reckless driving causing death, a judge trying a case without a jury would surely understand that he or she could not convict the defendant of the lesser offense."[44]

As a result of defendant's charge of reckless driving causing death, MCL 257.626(5) barred an instruction on the misdemeanor lesser offense of moving

---

[42] *People v Cazal*, 412 Mich 680, 686-687; 316 NW2d 705 (1982).

[43] Cf. *People v Ellis*, 468 Mich 25, 28; 658 NW2d 142 (2003) (noting that a judge may not "reward[] a defendant for waiving a jury trial by 'finding' him not guilty of a charge for which an acquittal is inconsistent with the court's factual findings" and convicting him of a lesser offense).

[44] *People v Jones*, 302 Mich App at 449 (K.F. KELLY, J., dissenting).

violation causing death. This legislative enactment does not run afoul of the separation of powers because, consistent with *Cornell*, MCL 257.626(5) is a substantive rule of law and is thus within the domain of the Legislature.[45] Because defendant was statutorily precluded from having the jury consider the lesser offense of moving violation causing death, we therefore hold that the circuit court erred by granting the requested instruction.

## V. CONCLUSION

We conclude that the circuit court erred by granting defendant's request that the jury be instructed on moving violation causing death. Defendant was charged with the greater offense of reckless driving causing death and, as such, was precluded under MCL 257.626(5) from receiving an instruction on the misdemeanor lesser offense of moving violation causing death. We therefore reverse the judgment of the Court of Appeals and remand this case to the circuit court for further proceedings, including entry of an order vacating its ruling granting defendant's request to instruct the jury on the misdemeanor lesser offense of moving violation causing death.

Mary Beth Kelly
Robert P. Young, Jr.
Stephen J. Markman
Brian K. Zahra
Bridget M. McCormack

---

[45] Although the defendant in this case challenges the propriety of MCL 257.626(5), the limitation on the lesser offense limits prosecutorial discretion as well: the Legislature chose, when enacting MCL 257.626(5), to *require* a prosecutor who charges a defendant with reckless driving causing death to pursue an all-or-nothing strategy. That is, if the prosecutor has a reasonable, but marginal case that the defendant acted "in willful or wanton disregard for the safety of persons or property," the prosecutor cannot argue in the alternative that the jury must *at least* convict the defendant on the moving violation causing death offense to achieve *some* conviction. We respect this policy decision of the Legislature.

17

STATE OF MICHIGAN

SUPREME COURT

PEOPLE OF THE STATE OF MICHIGAN,

       Plaintiff-Appellant,

v                               No. 147735

THABO JONES,

       Defendant-Appellee.

_____

VIVIANO, J. (*concurring in the result*).

I concur in the result because I agree with the majority that we should reverse the judgment of the Court of Appeals and remand this case to the Wayne Circuit Court to enter an order vacating its ruling granting defendant's request to instruct the jury on the offense of moving violation causing death. However, I write separately because I believe that the same result can be reached by deciding this case on a nonconstitutional ground.

This Court's order granting leave to appeal in this case asked the parties to address constitutional issues regarding the separation of powers and the right to a jury trial.[1] However, we also asked the parties to address "whether MCL 257.601d [moving violation causing death] is a necessarily included lesser offense of MCL 257.626(4) [reckless driving causing death]."[2] The majority opinion declines to address that issue because both parties conceded that moving violation causing death is a necessarily

_____

[1] *People v Jones*, 495 Mich 905 (2014).

[2] *Id*.

included lesser offense of reckless driving causing death. Despite this concession, however, I would decline to reach the constitutional issues[3] and instead decide, as a matter of law, that moving violation causing death is not a necessarily included lesser offense of reckless driving causing death.[4]

In determining whether an offense is a necessarily included lesser offense of a greater offense, the issue requires the Court to determine whether the greater offense at issue always includes the lesser offense at issue.[5] In other words, the question is whether all of the elements of moving violation causing death are subsumed into reckless driving

---

[3] *Madugula v Taub*, 496 Mich 685, 696; 853 NW2d 75 (2014), quoting *Lisee v Secretary*, 388 Mich 32, 40; 199 NW2d 188 (1972), quoting *People v Quider*, 172 Mich 280, 288-289; 137 NW 546 (1912) (" '[I]t is well settled in Michigan that "[c]onstitutional questions will not be passed upon when other decisive questions are raised by the record which dispose of the case." ' "); see also *Lichtman v Detroit*, 75 Mich App 731, 734-735; 255 NW2d 731 (1977), citing *Neese v Southern R Co*, 350 US 77, 78; 76 S Ct 131; 100 L Ed 60 (1955) ("A decision should have been made on nonconstitutional grounds, even though not raised by the parties.").

[4] *People v Wilder*, 485 Mich 35, 40; 780 NW2d 265 (2010) (stating that the determination whether an offense is a lesser included offense is a question of law subject to review de novo).

[5] See *People v Nickens*, 470 Mich 622, 629-630; 685 NW2d 657 (2004); see also *People v Walls*, 474 Mich 1142 (2006) (CORRIGAN, J., concurring), citing *People v Cornell*, 466 Mich 335, 357, 358 n 13; 646 NW2d 127 (2002) and *People v Mendoza*, 468 Mich 527, 532 n 3; 664 NW2d 685 (2003) (stating that "the court must first determine whether an offense is necessarily included," which is resolved solely by a comparison of the elements of the offenses, and that "once it is established that the offense is necessarily included, the court must then determine whether an instruction is warranted on the facts of a particular case, by examining whether 'the charged greater offense requires the jury to find a disputed factual element that is not part of the lesser included offense and a rational view of the evidence would support it' ").

2

causing death such that it is impossible for a person to commit reckless driving causing death without first committing moving violation causing death.[6]

The reckless driving causing death statute applies to "a person who operates a *vehicle*."[7] However, moving violation causing death applies to "[a] person who commits a moving violation," which requires "an act or omission prohibited under this act or a local ordinance substantially corresponding to this act that involves the operation of a *motor vehicle*[.]"[8] This may seem like a distinction without a difference upon first glance. But I believe the Legislature's use of the words "motor vehicle" and "vehicle" is significant given that the Michigan Vehicle Code has assigned distinct definitions to the two terms.

MCL 257.79 defines "vehicle," in pertinent part, as follows:

> "Vehicle" means every device in, upon, or by which any person or property is or may be transported or drawn upon a highway, except devices exclusively moved by human power or used exclusively upon stationary rails or tracks . . . .

Whereas MCL 257.33 defines "motor vehicle" as follows:

> "Motor vehicle" means every vehicle that is self-propelled, but for purposes of chapter 4 of this act[9] motor vehicle does not include industrial

---

[6] See *Nickens*, 470 Mich at 630; *Cornell*, 466 Mich at 345, 361 (stating that to be a necessarily included lesser offense "the lesser offense must be such that it is impossible to commit the greater without first having committed the lesser") (quotation marks and citation omitted).

[7] MCL 257.626.

[8] MCL 257.601d.

[9] Chapter 4 of the Michigan Vehicle Code pertains to civil liability.

equipment such as a forklift, a front-end loader, or other construction equipment that is not subject to registration under this act. Motor vehicle does not include an electric patrol vehicle being operated in compliance with the electric patrol vehicle act. Motor vehicle does not include an electric personal assistive mobility device. Motor vehicle does not include an electric carriage.

Thus, by its terms, a "motor vehicle" is more narrowly defined as a "vehicle" with the distinct feature of being self-propelled. Arguably, then, a person could operate[10] a "vehicle" in violation of the reckless driving causing death statute, but not violate the moving violation causing death statute if the vehicle involved was not specifically a "motor vehicle." But this distinction raises the question—what types of vehicles could a person operate in violation of the reckless driving causing death statute that are not motor vehicles?

According to my review of the Michigan Vehicle Code, a "vehicle" for purposes of the reckless driving causing death statute could be a "person riding an animal," "an animal-drawn vehicle,"[11] or an "electric carriage."[12] And while those devices are vehicles

_____

[10] "Operate" or "operating" means, in pertinent part, "[b]eing in actual physical control of a vehicle." MCL 257.35a(a).

[11] MCL 257.604 states:

A person riding an animal or driving an animal-drawn vehicle upon a roadway shall be granted all of the rights and shall be subject to all the duties, criminal penalties, and civil sanctions applicable to the driver of a vehicle by this chapter, except those provisions of this chapter which by their very nature may not have application.

[12] The Michigan Vehicle Code defines "electric carriage" as "a horse-drawn carriage that has been retrofitted to be propelled by an electric motor instead of by a horse and that is used to provide taxi service." MCL 257.13d. And, as quoted above, the definition of "motor vehicle" specifically states, "Motor vehicle does not include an electric carriage."

4

under the act, they are obviously not "motor vehicles." Thus, while it could be possible for a person to be charged with reckless driving causing death for recklessly driving a horse-drawn carriage, it would be impossible for that person to be found guilty of moving violation causing death because a horse-drawn carriage is not a motor vehicle. In other words, the offense of moving violation causing death is not a necessarily included lesser offense of reckless driving causing death because it *is* possible to commit reckless driving causing death without first committing a moving violation causing death—if you are operating a "vehicle" that is not also a "motor vehicle."[13]

I am fully aware that the circumstances under which a person may commit reckless driving causing death using such a non-motor vehicle will be rare, but the rarity of that potential occurrence does not change the legal analysis. An offense is either always considered a necessarily included lesser offense or it is not.[14] And applying principles of statutory interpretation,[15] I believe the Legislature's use of different

---

[13] *Nickens*, 470 Mich at 628, 630; *Cornell*, 466 Mich at 345, 361.

[14] See *Nickens*, 470 Mich at 630 ("*In every instance* where an actor commits CSC-I involving personal injury and uses force or coercion to accomplish sexual penetration, the actor first commits an attempted-battery assault with the intent to commit CSC involving sexual penetration.") (emphasis added); *People v Veling*, 443 Mich 23, 36; 504 NW2d 456 (1993) ("[I]f the lesser offense is one that is necessarily included in the charged offense, the evidence *always* supports the lesser offense if it supports the greater.") (emphasis added).

[15] *In re MKK*, 286 Mich App 546, 556-557; 781 NW2d 132 (2009) (stating that our Legislature is presumed to be aware of the consequences of its use of statutory language as well as its effect on existing laws); see also *Carson City Hosp v Dep't of Community Health*, 253 Mich App 444, 447-448; 656 NW2d 366 (2002) ("When the Legislature enacts laws, it is presumed to know the rules of statutory construction and therefore its use or omission of language is generally presumed to be intentional.").

5

terminology to describe the elements of each offense dictates the conclusion that the offense of moving violation causing death is not a necessarily included lesser offense of reckless driving causing death because all of the elements of moving violation causing death are not subsumed into reckless driving causing death such that it is impossible for a person to commit reckless driving causing death without first committing moving violation causing death. Accordingly, because it would instead be a cognate lesser offense,[16] defendant was not entitled to an instruction on the offense of moving violation causing death irrespective of the Legislature's statutory prohibition.[17] Therefore, I would dispose of the case on this nonconstitutional ground.[18]

David F. Viviano

---

[16] *Cornell*, 466 Mich at 345, 355 (stating that a cognate lesser offense is one that is of the same class or category and shares elements with the charged offense, but may contain elements not found in the higher offense).

[17] MCL 257.626(5).

[18] MCL 768.32(1); *Cornell*, 466 Mich at 359.

6

STATE OF MICHIGAN

SUPREME COURT

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellant,

v                                             No. 147735

THABO JONES,

        Defendant-Appellee.

_____

CAVANAGH, J. (*dissenting*).

The majority holds that jury instructions on lesser included offenses "concern a matter of substantive law," and, therefore, the Legislature's decision to bar instruction on the lesser included offense of moving violation causing death, MCL 257.601d(1), within MCL 257.626(5), is a permissible exercise of legislative power and does not offend the separation-of-powers doctrine. I continue to disagree with the majority's test regarding the difference between substantive and procedural law, and I disagree that lesser-included-offense instructions are a matter of substantive law. See *McDougall v Schanz*, 461 Mich 15, 60-61; 597 NW2d 148 (1999) (CAVANAGH, J., dissenting). Further, I believe that MCL 257.626(5) deprives a defendant of the ability to present his theory of the case and disadvantages a defendant who chooses to exercise his right to a jury trial in violation of the Sixth Amendment. Therefore, I must respectfully dissent.

I. SEPARATION OF POWERS

The majority's separation-of-powers test was established in *McDougall*, where it held that a law only impinges on the Court's power to govern "practice and procedure"

under Const 1963, art 6, § 5, when "no clear legislative policy consideration other than judicial dispatch of litigation can be identified." *McDougall*, 461 Mich at 30, quoting *Kirby v Larson*, 400 Mich 585, 598; 256 NW2d 400 (1977) (opinion of WILLIAMS, J.) (quotation marks omitted). In doing so, the *McDougall* majority overruled *Perin v Peuler*, (*On Rehearing*), 373 Mich 531; 130 NW2d 4 (1964), criticizing *Perin*'s rule as overly broad.

However, I continue to believe that *Perin* properly applied Const 1963, art 6, § 5. As I explained in *McDougall*, 461 Mich at 41-42 (CAVANAGH, J., dissenting), the separation-of-powers doctrine can be traced to the first Michigan Constitution, "which even predated our statehood." We have long held that when a court rule and a statute conflict, the court rule shall control absent the Court's acquiescence. See e.g., *Byrne v Gypsum Plaster & Stucco Co*, 141 Mich 62, 63-34; 104 NW 410 (1905); *Berman v Psiharis*, 325 Mich 528, 533; 39 NW2d 58 (1949); *In re Koss Estate*, 340 Mich 185, 189-190; 65 NW2d 316 (1954). As *Perin* correctly explained, "[t]he function of enacting and amending judicial rules of practice and procedure has been committed exclusively to this Court[,] a function with which the legislature may not meddle or interfere save as the Court may acquiesce and adopt for retention at judicial will." *Perin*, 373 Mich at 541 (citations omitted). Thus, unless this Court acquiesces to the Legislature's decisions to regulate court procedures, this Court's power to regulate its own matters will always trump any legislatively prescribed rules.

Supplementing *Perin*'s analysis, when one considers the definitions of "substantive law" and "procedural law," it becomes clear that lesser-included-offense instructions are procedural rather than substantive law, and, therefore, within the Court's

2

constitutionally prescribed powers under art 6, § 5. "Substantive law" is defined as "[t]he part of law that creates, defines, and regulates the rights, duties, and powers of parties," *Black's Law Dictionary* (8th ed); whereas, "procedural law" is defined as "[t]he rules that prescribe the steps for having a right or duty judicially enforced, as opposed to the law that defines the specific rights and duties themselves." *Id.* Indeed, our caselaw supports these distinctions between substantive and procedural law. For example, *Phelps v Wayne Circuit Judge*, 225 Mich 514, 517-518; 196 NW 195 (1923), determined a statute to be procedural and explained that "[t]he contingent right given by the statute is not substantive law, but a rule of procedure relating only to the remedy. Its purpose and character class it as adjective law, which deals with methods for maintenance and enforcement of primary rights or to redress their invasion." Similarly, *Chandler Motor Sales Co v Dertien*, 229 Mich 630, 634; 201 NW 954 (1925), explained that a procedural law "is one of practice. It relates to the method of applying a remedy and not to the substantive law (citation and quotation marks omitted)."

Lesser-included-offense instructions determine the method by which the substantive law—i.e. crimes—are applied in a criminal case. They do not, however, determine what is or is not a crime, and they do not define the rights and duties of members of society. Instead, they help prescribe the steps that a jury follows in reaching its verdict by informing the jury of their options under the existing substantive law. In other words, lesser-included-offense instructions inform the jury of the applicable crimes the jury may consider. Another way to approach the issue is to consider a jury's verdict the "remedy" in a criminal trial. Just like the outcome of a civil case is a remedy, the outcome in a criminal case is the verdict. See *Chandler Motor Sales Co*, 229 Mich at

3

634. Stated another way, lesser-included-offense instructions consider the methods for redressing a criminal defendant's potential "invasion," see *Phelps*, 225 Mich at 517-518, by prescribing the steps for determining a criminal sentence. Likewise, lesser-included-offense instructions do not determine *what* remedy is available, or whether a remedy *is* available, but instead inform the method of choosing and applying the "remedy" by providing varied options to the jury. And while the bar in MCL 257.626(5) on jury instruction in this case could arguably define the substantive rights of a defendant, the rights being defined are those within the context of a trial: they are the *procedural* rights a criminal defendant is afforded, and not the rights and obligations of the defendant as it relates to his membership in society.

Having established that lesser-included-offense instructions are indeed procedural, and, thus, within the purview of the court, the Legislature's action is only impermissible if the law conflicts with a court rule. I believe that there is such a conflict. MCR 2.512(B)(2) requires that the court "shall instruct the jury on the applicable law, the issues presented by the case, and, if a party requests as provided in [another subrule], that party's theory of the case." In my view, MCR 2.512(B)(2) directs that the court instruct the jury regarding lesser included offenses because lesser included offenses for which a defendant is potentially culpable is part of the "applicable law." In addition, as discussed later in this opinion, jury instructions, including lesser-included-offense instructions, are integral to a defendant's ability to present his theory of the case. Therefore, in my mind, MCL 257.626(5) irreconcilably conflicts with MCR 2.512(B)(2). The court rule must control unless this Court acquiesces or adopts the statute's rule—we have done neither.

4

Therefore, MCL 257.626(5) impermissibly infringes this Court's sole authority to adopt rules and procedures and thus violates the separation-of-powers doctrine.

To the contrary, the majority holds that lesser-included-offense instructions are a matter of substantive law and, thus, the Legislature's regulation of such instructions does not offend the separation-of-powers doctrine. However, the majority merely cites a single statement in *People v Cornell*, 466 Mich 335, 353; 646 NW2d 127 (2002), that "[d]etermining what charges a jury may consider . . . concerns a matter of substantive law." Yet *Cornell* provided little analysis to support this bold pronouncement, simply citing the following passage from *People v Piasecki*, 333 Mich 122, 143; 52 NW2d 626 (1952):

> The measure of control exercised in connection with the prevention and detection of crime and prosecution and punishment of criminals is set forth in the statutes of the State pertaining thereto, particularly the penal code and the code of criminal procedure. The powers of the courts with reference to such matters are derived from the statutes.

When read in context, it is clear that *Piasecki* defined *jurisdictional* powers of the Court as *granted* by the Legislature. Importantly, *Piasecki* did not involve a situation in which the Legislature attempted to intrude on powers constitutionally granted to the courts under Const 1963, art 6, § 5. Thus, *Cornell*'s citation to *Piasecki* to support its assertion was incorrect, as the following passage from *Piasecki* makes clear:

> Appellant's argument does not rest on the theory of an improper usurpation of judicial authority but on the claim that if the *jurisdiction* of the court in the criminal case has attached there may be no interference with such *jurisdiction*.

* * *

5

> *We are not dealing with a situation in which the legislature has undertaken to interfere with the exercise of strictly judicial prerogatives in the trial of cases . . . .* Such decisions are not in point in the instant controversy. We are concerned here with the *power of the legislature to create substantive rights* and to provide for the protection thereof in matters that are clearly within the scope of the police power of the State. [*Id.* at 147-148 (emphasis added) (citations omitted).]

It is clear that *Piasecki*'s discussion regarding the court's power was describing those jurisdictional powers granted to the courts by the Legislature, not those powers that are inherent in the courts by virtue of Michigan's Constitution. Thus, in my opinion, *Cornell*'s fleeting statement was incorrect, and the majority's reliance on it is likewise improper.

Moreover, in *McDougall* and subsequent cases, including this one, the majority continues to apply an overbroad test that risks making this Court's ability to govern judicial matters all but an illusion. As previously stated, the majority considers whether "no clear legislative policy consideration other than judicial dispatch of litigation can be identified." *McDougall*, 461 Mich at 30 (citation and quotation marks omitted). However, the pitfalls of the majority's test become clear when one considers that a policy reason can be found for nearly any legislative enactment affecting the procedures of the courts. Under the majority's test, arguably the Legislature could amend the voir dire process to attempt to ensure better jury selections, or even attempt to dictate the structure of a trial for the purposes of efficiency. I am hesitant to believe that the Legislature acts purely arbitrarily, without policy considerations in mind. In other words, irrespective of whether the Legislature acts within the confines of its power, every law passed by the Legislature, whether constitutional or not, is the result of a policy decision. It would seem, therefore, that unless the Legislature acts arbitrarily, with no policy goal in mind,

6

*every law* involves a "legislative policy consideration." Therefore, I believe that the mere existence of legislative policy goals is not sufficient to avoid separation-of-powers concerns.

## II. RIGHT TO A JURY TRIAL

In addition to violating the separation-of-powers doctrine, MCL 257.626(5) gravely implicates the constitutional right to a trial by jury in two ways. First, more broadly, lesser-included-offense instructions ensure that a jury makes an informed decision and a defendant is able to present the theory of his case. Second, MCL 257.626(5) punishes a defendant for exercising his right to a trial by jury.

First, the Sixth Amendment requires that the state afford a defendant a jury trial at the defendant's request in "serious criminal cases." *Duncan v Louisiana*, 391 US 145, 156; 88 S Ct 1444; 20 L Ed 2d 491 (1986). See, also, *People v Duncan*, 462 Mich 47, 53; 610 NW2d 551 (2000). Also, the court's failure to instruct a jury on the elements of an offense "deprive[s] defendants of 'basic protections' without which 'a criminal trial cannot reliably serve its function as a vehicle for determination of guilt or innocence . . . and no criminal punishment may be regarded as fundamentally fair.' " *Neder v United States*, 527 US 1, 8-9; 119 S Ct 1827; 144 L Ed 2d 35 (1999), quoting *Rose v Clark*, 478 US 570, 577-578; 106 S Ct 3101; 92 L Ed 2d 460 (1986). The court must inform the jury of the law by which its verdict must be controlled; otherwise, the jury is deprived of a tool essential to its decision-making process. See *Duncan*, 462 Mich at 52-53.

As noted, we have held that the failure to instruct on an element of a crime undermines the reliability of a verdict. *Id*. at 54. Similarly, the failure to instruct on a

lesser included offense undermines the reliability of a jury's verdict. When credible evidence exists to support such an instruction, the failure to provide it denies the jury the opportunity to consider the defendant's theory of the case and deprives a defendant of his right to a fair trial. See *People v Rodriguez*, 463 Mich 466, 474; 620 NW2d 13 (2000); *Cornell*, 466 Mich at 375 (KELLY, J., dissenting). Indeed, instructions on lesser included offenses mitigate "the risk that a defendant might otherwise be convicted of a crime more serious than that which the jury believes he committed simply because the jury wishes to avoid setting him free." *Vujosevic v Rafferty*, 844 F2d 1023, 1027 (CA 3, 1988), citing *Keeble v United States*, 412 US 205, 212, 213; 93 S Ct 1993; 36 L Ed 2d 844 (1973). Therefore, these instructions are important to ensure that a defendant is only convicted of the crime he actually committed.

Because this Court has concluded that lesser-included-offense instructions are a necessary part of ensuring reliable verdicts and, thus, protecting a defendant's Sixth Amendment right to a jury trial, why would we sanction a law as constitutional when it curtails constitutional guarantees? Notably, this Court would invalidate as unconstitutional any law that sought to curtail a defendant's right to an attorney under the Fifth or Sixth Amendment. Similarly, the Court would invalidate any law that sought to reduce the protections of the Fourth Amendment against search and seizure in order to aid police. It must follow that any law which impinges on a defendant's right to a jury trial must, similarly, be found unconstitutional. Therefore, in my mind, any law, including MCL 257.626(5), that bars a jury from hearing and considering lesser included offenses violates a criminal defendant's Sixth Amendment right to a jury trial.

8

But the constitutional concerns with MCL 257.626(5) do not stop there. In addition to its impact on a jury's ability to render informed decisions, it also impermissibly punishes a defendant for *exercising* his right to a jury trial. MCL 257.626(5) states, "In a prosecution under [reckless driving causing death], the *jury* shall not be instructed regarding the crime of moving violation causing death." Emphasis added. MCL 257.626(5), by its plain language, only restricts a *jury's* ability to be instructed on the lesser included offense of moving violation causing death. However, it is silent regarding bench trials and, thus, does not preclude the consideration of the lesser included offense if the defendant chooses to forgo the right to a jury trial.[1] The effect of this statute is that a defendant who exercises his right to a jury trial is placed at a disadvantage because the lesser included offense of moving violation causing death is not available. This places defendants between a rock and a hard place as they are forced to

---

[1] The majority ignores its own textualist approach when it states, "To interpret MCL 257.626(5) as precluding the lesser offense instruction in *either* a jury trial or bench trial is . . . consistent with the general purposes of MCL 275.626(5)." However, this approach ignores that "[w]hen construing a statute, the Court's primary obligation is to ascertain the legislative intent that may be reasonably inferred from the words expressed in the statute. If the language of the statute is unambiguous, the Legislature is presumed to have intended the meaning expressed." *GC Timmis & Co v Guardian Alarm Co*, 468 Mich 416, 420; 662 NW2d 710 (2003) (citations and quotation marks omitted). The language of MCL 257.626(5) is clear, and it only precludes the *jury*'s consideration of lesser-included-offense instructions. Had the Legislature intended the meaning that the majority gives MCL 257.626(5), it would have included language similar to that in MCL 768.32(2), which states that "the jury, or *judge* in a trial without a jury, may find the accused not guilty of the offense in the degree charged in the indictment but may find the accused guilty of a degree of that offense inferior to that charged in the indictment only if the lesser included offense is a major controlled substance offense." Emphasis added. Therefore, the Legislature knows how to preclude lesser included offense considerations in *both* jury and bench trials, but chose not to do so in MCL 257.626(5).

9

choose whether to exercise their constitutional right to a jury trial or to have considered the lesser offense of moving violation causing death, a misdemeanor, instead of reckless driving causing death, a 15-year felony. See MCL 257.601d(1), MCL 257.626(4).

Further, MCL 763.3(1) allows a prosecutor, in effect, to preclude any consideration of the lesser included offense of moving violation causing death. MCL 763.3(1) states that, "In all criminal cases arising in the courts of this state the defendant may, *with the consent of the prosecutor and approval by the court*, waive a determination of the facts by a jury and elect to be tried before the court without a jury." Emphasis added. See, also, *People v Kirby*, 440 Mich 485, 487; 487 NW2d 404 (1992). Therefore, a defendant may not elect a bench trial without the prosecutor and the court's *consent*. This grants the prosecutor a significant strategic advantage to preclude the consideration of a charge that, as has been explained, is necessary to a defendant's ability to present his theory of his case.

"The right [to a jury trial] includes, of course, as its most important element, the right to have the jury, rather than the judge, reach the requisite finding of 'guilty.' " *Sullivan v Louisiana*, 508 US 275, 277; 113 S Ct 2078; 124 L Ed 2d 182 (1993). "What the factfinder must determine to return a verdict of guilty is prescribed by the Due Process Clause. The prosecution bears the burden of proving all elements of the offense and must persuade the factfinder 'beyond a reasonable doubt' of the facts necessary to establish each of those elements." *Id*. at 277-278 (citations omitted). The ultimate effect of MCL 257.626(5) and MCL 763.3(1) is that a defendant may never be able to have the lesser included offense of moving violation causing death considered in a criminal trial. The result is a chilling effect on a defendant's constitutional right to trial by jury. In my

10

view, MCL 257.626(5) violates a defendant's right to jury trial and is, therefore, unconstitutional.

### III. CONCLUSION

Because I believe that jury instructions are procedural rather than substantive, and because MCL 257.626(5) conflicts with MCR 2.512(B)(2), I believe that MCL 257.626(5) is an unconstitutional violation of the separation-of-powers doctrine. Further, because MCL 257.626(5) limits a defendant's ability to present the theory of his case to a jury and effectively punishes a defendant for exercising his Sixth Amendment right to a trial by jury, MCL 257.626(5) is also unconstitutional under the Sixth Amendment. Accordingly, I would affirm the Court of Appeals holding that the circuit court properly granted defendant's request that the jury be instructed on the lesser included offense of moving violation causing death.

Michael F. Cavanagh